[No. 42964.    En Banc.    January 10, 1975.]

JOHN ORTBLAD *et al, Appellants,* v. THE STATE OF WASHINGTON *et al, Respondents.*

*Peterson, Bracelin, Creech & Young,* by *William R. Creech,* for appellants.

*Slade Gorton, Attorney General,* and *William G. Boland* and *Robert E. Hauth, Assistants,* for respondents.

*Herbert H. Fuller,* amicus curiae.

HAMILTON, J.—This is a class action for injunctive relief, a declaratory judgment, damages, and a writ of mandate. Plaintiffs (appellants), individually and as class representatives, challenge the failure of the defendants (respondents), Director of the Office of Program Planning and Fiscal Management (hereafter referred to as the Budget Director) and the Governor, to follow the merit system salary plan devised by the State Personnel Board.

The essential facts are not in dispute. Plaintiffs are state civil service employees and a union. The State Personnel Board established by the civil service act, RCW 41.06, is required each year to conduct a survey of salary rates in private industry, devise a pay plan for state civil service employees accordingly, and submit the plan to the Budget Director. In 1968, the salary recommendation was approved by the Budget Director and included in the Governor's 1969-71 biennial budget and in the funds appropriated by the legislature. Subsequent recommendations from the Personnel Board to the Budget Director have, however, been reduced before inclusion in budget requests, on the grounds of adverse "fiscal impact."

The hub about which plaintiffs' varying claims revolve is their principal contention that the Budget Director is without authority to alter, amend, or modify the salary plan advanced by the Personnel Board. Concluding to the contrary, the trial court granted defendants' motion to dismiss for failure to state a claim upon which relief could be granted. Plaintiffs appeal. We affirm the order of the trial court in part and reverse in part.

■ Certain procedural matters are preliminary. The defendants urge that this appeal should be dismissed because of the failure of plaintiffs to file a statement of facts certified by the trial judge as required on review of a summary judgment. *American Universal Ins. Co. v. Ranson,* 59 Wn.2d 811, 370 P.2d 867 (1962); *Kataisto v. Low,* 73 Wn.2d 341, 438 P.2d 623 (1968). As above noted, this action was disposed of in the trial court not by way of summary judgment but by dismissal for failure to state a claim upon which relief

could be granted. Although it is true that, since the trial court considered material beyond the pleadings, *i.e.,* affidavits and interrogatories, such a motion to dismiss would ordinarily be treated as a motion for summary judgment under civil rule 56, and so fall within the ambit of *Ranson* and *Kataisto;* nevertheless, we are of the view that since the basic operative facts are undisputed and the core issue is one of law, the better reasoning is that employed by the Court of Appeals in *Loger v. Washington Timber Prods., Inc.,* 8 Wn. App. 921, 924, 509 P.2d 1009 (1973):

> No purpose would exist for treating the motion for judgment on the pleadings as one for summary judgment and granting an opportunity to present factual evidence pertinent under CR 56 if whatever might be proven would be immaterial. . . . [W]hen the content of the interrogatories, depositions and admissions would make no difference to the disposition of the motion, whether considered by the trial court or not, then there is no need to convert the motion . . . into a motion for summary judgment . . .

Such is the situation here. Accordingly, we do not dismiss the appeal for failure to file a statement of facts.

The defendants next assert that the trial court properly dismissed without prejudice an incidental claim of unfair labor practices for failure of plaintiffs to exhaust their administrative remedies. In affirming the trial court's order, we agree with this position insofar as any definitive or specific unfair labor practice might be concerned. However, such does not affect this appeal or otherwise interfere with a disposition of the basic issue in controversy. More is involved here than an allegation of unfair labor practice. This action and the issue raised concern the entire scheme of civil service salary plans. Accordingly, we will reach the merits.

Defendants finally contend that any claim of error with respect to the dismissal of plaintiffs' claim for damages is waived because of plaintiffs' failure to specifically assign error to that ruling or to argue such a claim of error in their brief. We agree. ROA I-43 requires that, for consid-

eration by this court, an alleged error must be included in the assignments of error in the appellants' brief. *DeHeer v. Seattle Post-Intelligencer*, 60 Wn.2d 122, 372 P.2d 193 (1962), adds the further requirement that assignments of error must be supported by argument in the brief. While some of plaintiffs' assignments of error are arguably broad enough to include consideration of the claim for damages, no supporting argument on the question of damages is presented. Such a claim of error is therefore waived.

We now proceed to the merits. This controversy results from the status of state civil service employees in Washington, and specifically arises as a result of the failure of the Budget Director to adopt the wage and salary plan devised by the Personnel Board. In 1960, Initiative 207 was passed by the voters and became the state civil service act, RCW 41.06. Its purpose was to establish a merit system of personnel for the State of Washington. A Personnel Board was established and directed among its duties to adopt a salary schedule "to reflect not less than the prevailing rates in Washington state private industries . . . , such adoption and revision subject to approval by the state budget director in accordance with the provisions of chapter 43.88 RCW; . . ." RCW 41.06.150.[1] Employees are given a right to participate in the development and administration of personnel policies, including "pay plans." RCW 41.06.140.[2] Chapter 43.88 gives the Budget Director various powers and duties, including the following:

---

[1]The pertinent portion of RCW 41.06.150 reads as follows:

"The board shall adopt and promulgate rules and regulations, consistent with the purposes and provisions of this chapter and with the best standards of personnel administration, regarding the basis for, and procedures to be followed for, . . . adoption and revision of a state salary schedule to reflect not less than the prevailing rates in Washington state private industries and other governmental units for positions of a similar nature, such adoption and revision subject to approval by the state budget director in accordance with the provisions of chapter 43.88 RCW; . . ."

[2]"It shall be the duty of the board to make rules and regulations providing for employee participation in the development and administration of personnel policies. To assure this right, personnel policies, rules, classification and pay plans, and amendments thereto, shall be

(c) Review any pay and classification plans, and changes thereunder, developed by any agency for their fiscal impact: *Provided*, That none of the provisions of this subsection shall affect merit systems of personnel management now existing or hereafter established by statute relating to the fixing of qualifications requirements for recruitment, appointment, or promotion of employees of any agency. He shall advise and confer with agencies including the legislative budget committee and the legislative council regarding the fiscal impact of such plans and may amend or alter said plans, . . .

RCW 43.88.160 (1) (c).

Under this scheme, the Budget Director has variously approved the plan as submitted and included it without alteration in the biennial budget submitted to the legislature, or reduced the salary plan on a percentage basis before inclusion in budget requests, on grounds of "fiscal impact." Plaintiffs contend that the State has a duty to pay its employees at a rate comparable to that prevalent in private industry and that the plan devised by the Personnel Board is exempt from review of alteration under RCW 43.88.160 because it is a merit system of personnel management. The defendants respond that the merit system exception does not apply to pay plans, and the Budget Director is specifically authorized to alter or amend Personnel Board recommendations on grounds of "fiscal impact." RCW 43.88.160 (1) (c).

As to the construction of the statutes, we agree with the defendants. The statutes as written clearly give the Budget Director power beyond automatic approval of the plan devised by the Personnel Board. By the terms of the civil service act itself, such approval is to be in accord with RCW 43.88. The relevant language is found in RCW 43.88.160 (1) (c), quoted above. Unless the merit system ex-

acted on only after the board has given twenty days notice to, and considered proposals from, employee representatives and agencies affected. Complete and current compilations of all rules and regulations of the board in printed, mimeographed or multigraphed form shall be available to the public in the office of the director of personnel free of charge." RCW 41.06.140.

ception of the proviso applies, it is clear that the role of the Budget Director, while not permitting "piecemeal" alterations of the plan,[3] does include amendment or alteration of such plans because of "fiscal impact." We do not think the merit system exception applies to the pay plans developed by the Personnel Board; the proviso refers to systems "relating to the fixing of qualifications requirements for recruitment, appointment, or promotion of employees of any agency." No mention of salary schemes is made. It appears from the language that "qualifications requirements" refers to classification plans rather than pay plans. We conclude that the proviso does not apply, and the Budget Director is not required to adopt automatically the salary plan recommended by the Personnel Board.

However, plaintiffs contend that this scheme results in an abridgment of their collective bargaining rights. The existence of such a right and its statutory implementation are matters of some complication under current Washington statutes. A straightforward interpretation is made very difficult by the fact that the statutory scheme is complex and incomplete. A right of collective bargaining is clearly granted to state civil service employees by the statutes, including the specific right to bargain for wages. The civil service act, RCW 41.06.340,[4] expressly incorporates certain provisions of the public employees collective bargaining act, RCW 41.56.140-.190, by which a public employer's refusal to engage in collective bargaining is denominated an unfair labor practice. "Public employer" is defined by RCW 41.56.030 as "any officer, board, commission, council, or other person or body acting on behalf of any public body

[3]In 1967, the Attorney General concluded that the revision powers of the Budget Director with respect to the salary schedule did not include authority to alter individual specific items. Attorney General Opinion, March 21, 1967.

[4]"Each and every provision of RCW 41.56.140 through 41.56.190 shall be applicable to this chapter as it relates to state civil service employees and the state personnel board, or its designee, whose final decision shall be appealable to the state personnel board, which is granted all powers and authority granted to the department of labor and industries by RCW 41.56.140 through 41.56.190." RCW 41.06.340.

governed by this chapter as designated by RCW 41.56.020, or any subdivision of such public body." RCW 41.56.020 defines the scope of the bargaining chapter to be "any county or municipal corporation, or any political subdivision of the state of Washington except as otherwise provided . . . " "Collective bargaining" is defined as follows:

(4) "Collective bargaining" means the performance of the mutual obligations of the public employer and the exclusive bargaining representative to meet at reasonable times, to confer and negotiate in good faith, and to execute a written agreement with respect to grievance procedures and collective negotiations on personnel matters, *including wages*, hours and working conditions, which may be peculiar to an appropriate bargaining unit of such public employer, . . .

(Italics ours.) RCW 41.56.030(4).

The right to bargain for wages is thus conferred upon employees. It is to be presumed that the bargaining right thus contemplated was to be effective — to have some measurable result, to be more than formality. The bargaining right presupposes a corresponding duty. It is the placement of this duty which is unclear in the statutes and which gives rise to the chief difficulty here. RCW 41.06.150 gives employing state agencies the authority to negotiate "on all personnel matters over which the appointing authority of the appropriate bargaining unit of such agency may lawfully exercise discretion; . . ." Herein lurks an interpretive difficulty of some proportions. Individual employing agencies have no discretion over wages. Indeed, on this ground they have so far refused to negotiate wages. The Personnel Board is similarly disabled by the same statute; its function is to devise a state pay plan commensurate with private industry wages and to forward that plan to the Budget Director for his use "in preparing budgets to be submitted to the succeeding legislature." RCW 41.06.160.[5] Any negotiating by the Personnel Board there-

---

[5] "In adopting or revising classification and salary schedules as set forth in RCW 41.06.150 the board shall give full consideration to

fore is subject to the review of another executive department and thus does not constitute effective collective bargaining on the subject of wages.

■ We recognize that any wage negotiating by any administrative departments of the state acting as public employers, is in a sense never final, since the power over appropriations remains with the legislature.[6] However, within the sphere of the executive branch, we believe the right granted was not an empty one but was intended to implement effective wage negotiations for state civil service employees. We therefore conclude that the appropriate "public employer" for purposes of wage bargaining, is the Budget Director. We find his authority to negotiate in his power to review the plan forwarded by the Personnel Board; and we find his duty to negotiate in the grant of a right which is not otherwise effective.

The defendants argue against this solution contending that the Budget Director has no salary-fixing discretion, for that power was expressly removed by the civil service act. It is true that prior to the civil service initiative, the original Budget Director, whose powers can be traced to the State Director of Efficiency in 1921, had authority to prepare and recommend to the Governor a salary system for state employees. This power was repealed in 1961 by the civil service act. This repealer, however, reflects not a legislative scheme, but rather the decision of the people of Washington to place salary setting power in the hands of a Personnel Board, which presumably was contemplated as an agency with which employees could bargain effectively

prevailing rates in other public employment and in private employment in this state and for this purpose shall have made periodic wage surveys with one such survey to be conducted each year prior to the convening of each regular session of the state legislature, the results of such wage survey to be forwarded with a recommended state salary schedule to the governor and state budget director for their use in preparing budgets to be submitted to the succeeding legislature." RCW 41.06.160.

[6] *See, e.g.*, D. Sullivan, *Public Employee Labor Law* 60 (1969).

on all personnel matters including wages. The original language of the initiative, RCW 41.06.150, was as follows:

> The Board shall adopt and promulgate rules and regulations, consistent with the purposes and provisions of this act and with the best standards of personnel administration, regarding the basis for, and procedures to be followed for, . . . agreements between agencies and employee organizations providing for grievance procedures and collective negotiations on personnel matters, *including wages*, . . .

(Italics ours.) Laws of 1961, ch. 1, § 15, p. 16.

In 1969, the legislature removed the wage agreements language from this statute altogether, without, however, repealing the grant of collective bargaining rights found in RCW 41.06.340. The statute now empowers the Personnel Board to make rules relating to collective bargaining "on all personnel matters over which the appointing authority of the appropriate bargaining unit of such agency may lawfully exercise discretion; . . ." The removal of the wage agreements language emphasizes the limited powers of individual agencies. The question of wages is not within the province of individual agencies because it is not within the areas over which they may "lawfully exercise discretion." The only function of the Personnel Board specifically related to wages is the adoption of the salary plan. Thus the grant of a right to collective bargaining on wages is nowhere given procedural actuality by the statutes.

The defendants argue that the Budget Director has no authority to bargain. We find that by necessary implication a power to bargain (and a duty to do so) is to be found in favor of the Budget Director. The cases cited by defendants support our conclusion. An administrative agency created by statute such as the Budget Director has only those powers expressly granted by the statute or necessarily implied therefrom. *State ex rel. Eastvold v. Maybury*, 49 Wn.2d 533, 304 P.2d 663 (1956).

> But where a person or board is charged by law with a specific duty, and the means for its performance are ap-

pointed by law, there is no room for implied powers, . . .

*State ex rel. State Bd. of Medical Examiners v. Clausen*, 84 Wash. 279, 282, 146 P. 630 (1915). The duty in question is a duty to engage in collective bargaining on the subject of wages. No means for performance is appointed by law. The Budget Director is empowered to "review" the pay plan forwarded by the Personnel Board. We therefore find an implied power in the Budget Director to bargain with state civil service employees.

However, the defendants argue also that no duty to engage in collective bargaining is imposed by the statutes on any agency, especially since the civil service act incorporates only the sections of the collective bargaining act which enumerate unfair labor practices, but not the definitional sections of that statute. We consider this argument to be semantical. The right to wage bargaining is expressly granted to employees and is obviously meaningless without a duty on the part of public employers. Refusal to bargain is an unfair labor practice for public employers. To read the incorporated sections of the collective bargaining act without their explanatory definitions is to import confusion and irrelevancy to the statute. The defintions of RCW 41.56.030 are clearly broad enough to encompass the Budget Director as a public employer and therefore impose a duty to bargain.

The defendants interpret RCW 41.06.150 as limiting the State's obligation at the bargaining table to the matters there delineated. They argue that under RCW 41.06.150, the Personnel Board is to promulgate rules defining the duties of agencies in bargaining with employees, but no agency is compelled to bargain with employees of any other agency, or to bargain on matters over which the appointing authority of the agency cannot lawfully exercise discretion. They urge that since the Budget Director is not the appointing authority of the agencies employing plaintiffs, he cannot be an appropriate "designee" of the Personnel Board, and has

no salary-fixing discretion. We think the defendants have misconstrued the statute. It is true that no agency can bargain on matters over which it cannot exercise discretion, In fact, no agency short of the Budget Director is empowered to "exercise discretion" on the "personnel matter" of wages, as opposed to work conditions. The Personnel Board establishes a regulatory framework for negotiations which are within the discretion of the agencies and develops a salary schedule; it has itself no discretion over wages. Development of a salary schedule can be conceptually and practically separated from actual wage negotiating; no mention of wages is otherwise found in RCW 41.06.150. The statute does not speak to wage negotiation at all.

We conclude that RCW 41.06.150 does not resolve the question of wage negotiations in civil service, and that the solution which appears most logical and appropriate is for the Budget Director to be responsible for bargaining with state civil service employees on the subject of wages.

We recognize that the Budget Director may not have heretofore been considered as a bargaining agent. However, we believe that if the right to bargain for wages is not to be an empty one, the State's bargainer must be a final stop on the journey to the legislature.

The order of dismissal is affirmed as to all defendants, except the Budget Director as to whom it is reversed and remanded for such further proceedings in mandamus as may be necessary, timely, and appropriate.

HALE, C.J., and FINLEY, ROSELLINI, HUNTER, STAFFORD, WRIGHT, UTTER, and BRACHTENBACH, JJ., concur.

Petition for rehearing denied March 31, 1975.