448

[No. 1037-3.    Division Three.    May 8, 1975.]

ROBERT D. BARENDREGT, *Appellant*, v. WALLA WALLA SCHOOL
DISTRICT NO. 140 *et al, Respondents.*

*Ronald K. McAdams*, for appellant.

*Arthur Eggers, Prosecuting Attorney*, for respondents.

MUNSON, J.—This appeal arises from a judgment entered
by the Superior Court for Walla Walla County in which the

appellant, Robert Barendregt, was found to have been an employee of the Washington State Penitentiary and not the respondent, Walla Walla School District 140. We affirm.

Appellant contends that at all times material hereto he was an employee of the Walla Walla School District 140 and thereby entitled to be nonrenewed as a teacher within the district, pursuant to RCW 28A.67.070. Appellant further contends he is entitled to reinstatement as a matter of law, inasmuch as the school district failed to properly give him notice of his nonrenewal.

In 1967, an agreement was reached between the school district and the Washington State Penitentiary, wherein the district would provide certain teaching personnel for courses to be offered at the penitentiary.[1] In August of 1970, the district solicited applications for teaching positions at the penitentiary. The appellant was interviewed by personnel from both the penitentiary and the school district; he was hired for a position at the penitentiary in September of 1970. On January 18, 1973, the directors of

---

[1] "Dear Mr. Reynolds:

"Following our meeting on June 14, 1967, I presented the memo of agreement concerning the three academic teachers to my supervisors here at the penitentiary. After a full discussion of the problems involved, we suggest that the agreement be as follows:

"A. Salaries: Penitentiary to reimburse District 140 for the salaries of three employees to be paid according to District 140 salary schedule, up to but not more than $7,405. (8th step, column 5); the salary to be computed by multiplying the number of days worked times the salary schedule amount and dividing by 185.

"B. Fixed charges will be paid District 140 on the basis of 4.4% of salaries actually paid, up to $6,600 each. This money, will cover O.A.S.I. payments for these employees.

"C. District 140 will be paid 3% of the amount of the salaries for administrative costs.

"D. Payments to be made on a monthly basis by voucher from the Penitentiary to School District 140.

"In reference to Item C., we propose that the penitentiary pay 3% of total salaries for administrative costs. This proposal is based on our feeling that a good part of the administrative burden will fall upon penitentiary personnel and that School District 140 will be principally

education at the penitentiary informed Mr. Barendregt, as well as the superintendent of the district, that Mr. Barendregt's services at the penitentiary would no longer be needed.

On January 30, 1973, the superintendent of the district directed a letter to Mr. Barendregt notifying him that his 1973-74 teaching contract would not be renewed. Thereafter, the district attempted to nonrenew Mr. Barendregt pursuant to RCW 28A.67.070, the district having been informed by their attorney that the letter of January 30, issued by the superintendent, did not comply with the provisions of RCW 28A.67.070.

It is the position of the district that though they attempted to nonrenew Mr. Barendregt as if he were a teacher of the school district, he was in fact an employee of the Washington State Penitentiary and not entitled to avail himself of the nonrenewal provisions of RCW 28A.67.070. We agree.

The appellant was a certificated teacher, paid identical to other teachers in the district, subject to the same withholding provisions as other district teachers, and did not have the benefits generally attributed to state employment, such as unemployment compensation and state retirement.

However, in analyzing the existence of the relationship of employer and employee, the test rests upon a deter-

concerned only with accounting and record keeping duties. However, we suggest that this particular item could be re-examined at the end of our first year of cooperation.

"In reference to Item D., I was informed that it would be very difficult for our accounting department to make payments other than on a monthly basis. I checked with the accounting department at the Washington Corrections Center at Shelton and found that they have followed this procedure with the Shelton School District without any major problems developing.

" . . .

"Very truly yours,
"B. J. RHAY
"Superintendent
/s/ James E. Codd
"JAMES E. CODD
"Supervisor of Education"

mination as to which party, if any, possesses the right to control the activity of the employee. *Pichler v. Pacific Mechanical Constructors*, 1 Wn. App. 447, 462 P.2d 960 (1969); *Cassidy v. Peters*, 50 Wn.2d 115, 309 P.2d 767 (1957). In determining who possesses the right to control the activities of an employee, the facts and circumstances surrounding the employment must be examined. If the facts are undisputed, the relationship may be determined as a matter of law. *Hollingbery v. Dunn*, 68 Wn.2d 75, 411 P.2d 431 (1966). Where, as here, the facts are in dispute, the existence of the relationship is to be determined by the trier of fact. Restatement (Second) of Agency § 220(c) (1958); 57 C.J.S. *Master and Servant* § 530 (1948).

Several issues were presented which created no question of fact. They included matters such as source of payment, type of financial benefits, and status as certified employee. However, the determination regarding the school district's right to control the activities of Mr. Barendregt presented an essential and disputed question of fact upon which this case must rest. The trial court, as trier of fact, stated in finding of fact No. 8:

> That the school program at the penitentiary was completely separate and apart from that of the school district. That the school district had no control of the working hours of the teachers at the penitentiary, or of the curriculum, or teaching schedules of any kind.

The record demonstrates that Mr. Barendregt's employment from its inception to its date of termination was subject to control by personnel at the penitentiary. It was at the behest of the penitentiary that Mr. Barendregt was hired, and it was at their behest that he was terminated. The penitentiary supplied the monetary resources to employ Mr. Barendregt and the school district acted as a mere fiscal agent in distributing those sources of revenue to Mr. Barendregt. The entirety of his teaching activity, including hours, subject matter, class size, review, etc., was regulated by the director of education at the institution. The record

452

does not indicate a single aspect of Mr. Barendregt's teaching activity which can be said to have been subject to the control of the school district.

Finding of fact No. 8 is supported by substantial evidence; it is not subject to review. *Ladum v. Utility Cartage, Inc.*, 68 Wn.2d 109, 411 P.2d 868 (1966). Mr. Barendregt was not an employee of the Walla Walla School District 140.

Judgment affirmed.

McINTURFF, C.J., and GREEN, J., concur.

Petition for rehearing denied June 26, 1975.

Review granted by Supreme Court September 5, 1975.