[No. 43841.   En Banc.   May 27, 1976.]

ROBERT D. BARENDREGT, *Petitioner*, v. WALLA WALLA SCHOOL DISTRICT No. 140, ET AL, *Respondents*.

*McAdams & Schacht,* by *Ronald K. McAdams,* for petitioner.

*Arthur R. Eggers, Prosecuting Attorney,* and *John S. Biggs, Deputy,* for respondents.

UTTER, J.—This court granted plaintiff Barendregt's petition to review a decision of the Court of Appeals affirming a Superior Court judgment upholding the nonrenewal of petitioner's teacher's contract with respondent school district. Both courts below concluded that petitioner was not an employee of the district and hence not entitled to the protections of the continuing contract law, RCW 28A.67.070. We reverse the decision of the Court of Appeals and hold that petitioner is an "employee" of School District No. 140 within the meaning of the continuing contract law and that, because the notice of probable cause to nonrenew was deficient, respondents' attempt to nonrenew petitioner's contract was ineffective.

In 1967 the school district entered into a written agreement with the Washington State Penitentiary to provide

three teachers for the prison's educational program. Under the agreement, the district was to be reimbursed by the penitentiary for the salaries of the teachers and administrative costs. In September 1970, the school district hired petitioner who signed a standard 1-year teacher's contract with the district. The contract was twice renewed. Petitioner is a certificated teacher, was paid and had the same benefits as other teachers employed by the school district. He did not have retirement, health care, or other benefits available to state employees. Petitioner performed his teaching duties at the penitentiary and the prison's director of education controlled the entirety of petitioner's teaching activity.

On January 30, 1973, the superintendent of the school district notified petitioner by letter that his contract would not be renewed due to the elimination of his position at the penitentiary. Pursuant to the continuing contract law,[1] petitioner requested a hearing before respondent board of directors of the district. The board's president responded by letter stating "the Board of Education has scheduled a hearing" for February 20. Subsequently, the district notified petitioner that the February 20 hearing would not deal with petitioner's contract status, but would only consider whether probable cause for nonrenewal existed. At that hearing, the district's board of directors resolved that such probable cause existed by virtue of the elimination of some penitentiary teaching positions.

[1] RCW 28A.67.070 provides in pertinent part:

"Every board of directors determining that there is probable cause or causes that the employment contract of an employee should not be renewed by the district for the next ensuing term shall notify that employee in writing on or before April 15th preceding the commencement of such term of that determination of the board of directors, which notification shall specify the cause or causes for nonrenewal of contract. Such notice shall be served upon the employee personally, or by certified or registered mail, or by leaving a copy of the notice at the house of his or her usual abode with some person of suitable age and discretion then resident therein. Every such employee so notified, at his or her request made in writing and filed with the chairman or secretary of the board of directors of the district within ten days after receiving such notice, shall be granted opportunity for hearing to determine whether or not the facts constitute sufficient cause or causes for nonrenewal of contract."

By letter dated February 23, 1973, petitioner was notified of the board's determination and informed of his right to request a hearing before the board at which his contract status would be considered. On February 23, petitioner filed suit against the school district, its officers and directors, alleging improprieties in the district's nonrenewal procedures and seeking enforcement of his contract rights. While the case was awaiting trial and in response to the letter of February 23, petitioner requested a hearing which was held by the board of directors on April 27. Following this hearing, the board met in executive session and decided not to renew petitioner's contract.

Petitioner filed a second civil suit alleging further errors by the respondents. The actions were consolidated and a trial was held in Superior Court without a jury. The court held, *inter alia*, that petitioner was an employee of the Washington State Penitentiary and had no cause of action against respondents in connection with the termination of his employment. The Court of Appeals affirmed, 13 Wn. App. 448, 534 P.2d 1404 (1975), holding that petitioner was not an employee of School District No. 140 because the trial court's finding that the district had no control over petitioner's teaching activity was determinative and supported by substantial evidence. The court, therefore, concluded petitioner was not entitled to avail himself of the nonrenewal provisions of RCW 28A.67.070. Consequently, the court did not reach other issues raised by petitioner.

■ The continuing contract law extends its procedural protections to any "employee" which is defined as a "teacher . . . or other certificated employee, holding a position as such with a school district . . ." RCW 28A.67.070. Thus, the statute itself defines those persons within its coverage. The existence of a statutory definition indicates that the word "employee" is not to be understood in its usual and ordinary sense. *See Publishers Forest Prods. Co. v. State*, 81 Wn.2d 814, 816, 505 P.2d 453 (1973). Similarly, this definition demonstrates that the legislature did not intend the term "employee" to invoke the com-

mon-law concepts of master and servant. *See New York Life Ins. Co. v. Jones*, 86 Wn.2d 44, 47, 541 P.2d 989 (1975); *cf. Unemployment Compensation Dep't v. Hunt*, 17 Wn.2d 228, 236, 135 P.2d 89 (1943) (unemployment compensation act does not confine taxable employment to the relationship of master and servant). The question presented is one of statutory interpretation, not one of common-law agency. *Cf. Hollingbery v. Dunn*, 68 Wn.2d 75, 411 P.2d 431 (1966); *Pichler v. Pacific Mechanical Constructors*, 1 Wn. App. 447, 462 P.2d 960 (1969); Restatement (Second) of Agency §§ 2, 220 (1958).

We have construed the pertinent language of RCW 28A.67.070 in two previous decisions. In neither case did we rely upon common-law tests to interpret the statute. In *Champion v. Shoreline School Dist. 412*, 81 Wn.2d 672, 679-80, 504 P.2d 304 (1972), we held that the words "certificated employee" refer to a certificate required for teaching or administration in the schools. Petitioner held such a certificate. In *Kirk v. Miller*, 83 Wn.2d 777, 779-80, 522 P.2d 843 (1974), we held that a teacher's performance of duties related to extracurricular activities, such as coaching athletic teams, leading musical organizations and advising school clubs, was not covered by the continuing contract law. This conclusion was based on two factors: first, no certification was required of persons performing such special assignments; and second, an insufficient nexus existed between normal teaching duties and such extracurricular programs. Petitioner's employment has neither characteristic since his only assignment was to normal teaching activity for which he was required to be certificated.

We have recognized that "[t]he general relationship . . . between the school authorities and teachers in the public schools of our state is created by contract and governed by general principles of contract law." *Kirk v. Miller, supra* at 781. Each of the three 1-year contracts under which petitioner was employed stated "IT IS HEREBY AGREED, by and between the Board of Directors of School District No. 140, Walla Walla County, Washington and Rob-

ert Barendregt that said teacher shall be employed in the public schools of said district . . ." By the clear terms of three contracts, petitioner was an employee of the district. There was no contractual relationship of any kind between petitioner and the penitentiary.

Furthermore, performance by the parties under the contract (see *Stender v. Twin City Foods, Inc.*, 82 Wn.2d 250, 254, 510 P.2d 221 (1973); *Henry v. Lind*, 76 Wn.2d 199, 204, 455 P.2d 927 (1969)), demonstrates that petitioner was considered by School District No. 140 to be an employee. Petitioner was compensated by the district, was subject to the same withholding provisions as other teachers in the district, and received the same administrative notices as the other teachers. Significantly, respondents also attempted to nonrenew petitioner's contract as if he were an employee subject to the continuing contract law. In reply to the superintendent's letter of January 30, petitioner expressly referred to RCW 28A.67.070 and the president of the district's board of directors referred to the statute in her letter of February 13 to petitioner. In seeking to nonrenew petitioner's contract, the board also adhered to most of the procedures of the continuing contract law, including issuance of a notice of probable cause, a determination that cause existed, and holding a subsequent hearing on contract status. If there were any doubt about petitioner's status as an employee of School District No. 140 under the terms of the three contracts, which there is not, the performance of the parties confirms the existence of a contractual employment relationship. Giving the statutory language its usual and ordinary meaning, see *Glaspey & Sons, Inc. v. Conrad*, 83 Wn.2d 707, 711, 521 P.2d 1173 (1974), and in light of the principle that the relationship between teachers and schools is largely a contractual one, *Kirk v. Miller*, supra at 781, we hold that, during the 3 academic years from 1970 to 1973, petitioner was "holding a position as [a teacher] with a school district" within the meaning of the continuing contract law.

In recent cases arising under the continuing con-

tract law, this court has held that in the reduction of certificated employees "the school district is bound by its own previously adopted criteria", *Hill v. Dayton School Dist. 2*, 85 Wn.2d 204, 206, 532 P.2d 1154 (1975), and that "a teacher has a right to assume that [such criteria] will be taken into account and if it is not, the teacher must be so notified so that he may . . . take the necessary steps to protect his interest", *Pierce v. Lake Stevens School Dist. 4*, 84 Wn.2d 772, 779, 529 P.2d 810 (1974). In the present case, the undisputed evidence shows that respondents had adopted criteria for reduction of certificated staff, that such criteria were not applied to petitioner, and that petitioner was not notified that established standards would not be taken into account by the board of directors in their decision to renew or nonrenew petitioner's contract. On March 24, 1972, the board adopted "Criteria for Reduction of Certificated Staff" which provided "[e]xcept in extenuating circumstances, the seniority approach will be used in reducing the instructional staff and program" and "[p]rior military service up to three years will be counted as employment in District #140." Petitioner had served as an officer in the military for 4 years. Respondents conceded that neither seniority nor other standards were applied to petitioner and that the board's decision not to renew his contract was based solely on the elimination of the penitentiary teaching position. While each element of nonrenewal criteria need not be specified in the notice of probable cause given pursuant to RCW 28A.67.070, *Pierce v. Lake Stevens School Dist. 4*, *supra* at 778, petitioner was entitled to be notified in writing that seniority and other previously adopted criteria would not be considered by the board of directors. Neither the January 30 nor the February 23 letters provided this information. Thus, applying the rule of *Pierce* and *Hill*, we hold that the notice of probable cause was deficient and rendered ineffective respondents' attempt to nonrenew petitioner's teacher's contract.

Accordingly, because no sufficient notice of probable cause to nonrenew was given prior to April 15, 1973, as

required by the continuing contract law, petitioner is "conclusively presumed to have been reemployed by the district for the next ensuing term upon contractual terms identical with those which would have prevailed if his employment had actually been renewed by the board of directors for such ensuing term." RCW 28A.67.070.

Judgment reversed.

STAFFORD, C.J., and ROSELLINI, HUNTER, HAMILTON, WRIGHT, BRACHTENBACH, and HOROWITZ, JJ., concur.