[No. 3405–4–III.   Division Three.   May 27, 1980.]

ROBERT D. BARENDREGT, *Plaintiff,* v. WALLA WALLA SCHOOL DISTRICT NO. 140, ET AL, *Respondents,* DEPARTMENT OF SOCIAL AND HEALTH SERVICES, *Appellant.*

*Slade Gorton, Attorney General,* and *Brian J. Coyne, Assistant,* for appellant.

*Herbert Freise* and *Freise, Lohrmann & Makus,* for respondents.

MUNSON, J.—The State of Washington appeals a summary judgment granted in favor of Walla Walla School District No. 140; the judgment was for costs, damages, interest and attorney's fees in both the present and a prior action. The State appeals. We reverse.

In June 1967, Washington State Penitentiary entered into an agreement with the school district to hire three teachers to teach at the penitentiary. According to the

terms of the agreement, the penitentiary agreed to reimburse the school district for the teachers' salaries plus a small percentage for administrative costs. The letter, on Washington State Penitentiary stationery, was signed by James E. Codd, "Supervisor of Education" at the penitentiary. In September 1970, the school district hired Robert Barendregt. Barendregt taught at the penitentiary from 1970 to 1973 under the direction of James Codd. In January 1973, the penitentiary notified the school district it was planning to reduce its teaching staff and would not need Barendregt's services for the coming school year. The district notified Barendregt on January 30, 1973, his contract would not be renewed for the following school year. Barendregt challenged this action alleging improprieties in the nonrenewal procedures under RCW 28A.67.070. Barendregt ultimately prevailed in the Washington Supreme Court. *Barendregt v. Walla Walla School Dist. 140,* 87 Wn.2d 154, 550 P.2d 525 (1976).

At issue are alleged statements made by James Codd which purportedly assured the school district that if the district incurred any expense because of Barendregt's nonrenewal, the State would indemnify the district. On October 6, 1976, the district filed a third-party complaint against the State seeking indemnification for its costs and damages in defending against Barendregt. Hearing upon the third-party complaint was delayed until final determination of *Barendregt v. Walla Walla School Dist. 140, supra.* Following that decision, the court granted the district's motion for summary judgment and denied the State's motion for summary judgment. The State appeals.

The school district's primary contention is that James Codd made certain statements to the district's superintendent and assistant superintendents assuring them the State would be ultimately responsible for expenses, including attorney's fees, incurred by the district in its defense of Barendregt's suit. Affidavits supporting the district's contention indicate Codd may have made some statements to that effect; however, Codd's affidavits are equivocal and

conflicting. He described his duties at the penitentiary as supervising the academic and vocational programs. His immediate superior, Robert Freeman, stated Codd had the informal title of "Director of Education" and had the responsibility for the educational programs as well as being in charge of the money and personnel. Freeman further stated that authorization for the penitentiary to enter into an agreement with the school district had to come from Olympia.

The school district contends Codd's authority to bind the State to indemnify the district for the costs of Barendregt's suit arises from RCW 72.01.450 as then enacted:[1]

> The director of institutions of the state of Washington is authorized to enter into agreements with any school district or any institution of higher learning for the use of the facilities, equipment and personnel of any state institution of the department, for the purpose of conducting courses of education, instruction or training in the professions and skills utilized by one or more of the institutions, at such times and under such circumstances and with such terms and conditions as may be deemed appropriate.

The school district's reliance on the above statute is misplaced. An administrative agency created by statute has only those powers expressly granted by the statute or necessarily implied therefrom. *Ortblad v. State,* 85 Wn.2d 109, 117, 530 P.2d 635 (1975). RCW 72.01.450 contains no grant of indemnification powers, either express or implied.

The power of a political subdivision of the state is limited to that granted by the state legislature. "Especially is this rule to be enforced where the public treasury will be directly affected." *State ex rel. Bain v. Clallam County Bd. of County Comm'rs,* 77 Wn.2d 542, 548, 463 P.2d 617 (1970). In *Finch v. Matthews,* 74 Wn.2d 161, 171, 443 P.2d

---

[1]Laws of 1970, 1st Ex. Sess., ch. 50, § 2, p. 339. A 1979 amendment substituted "secretary of social and health services" for "director of institutions." Laws of 1979, ch. 141, § 168, p. 585–86.

833 (1968), quoting from 31 C.J.S. *Estoppel* § 144 (1964), the court distinguished between a governmental agency's ultra vires act which cannot be estopped and the "'irregular exercise of a granted power,'" which may be estopped if the contract relied on was within the agency's powers. If there is no authority vested by law in officers or agents, "no void act of theirs can be cured by aid of the doctrine of estoppel." *Finch v. Matthews, supra* at 172, quoting from *State v. Pullman,* 23 Wash. 583, 592, 63 P. 265 (1900). *See also State ex rel. Shannon v. Sponburgh,* 66 Wn.2d 135, 401 P.2d 635 (1965). A public agent cannot bind a governmental agency when he enters into a contract which is ultra vires, "even though the public body for which he acts may have clothed him with such indicia of authority that it would be estopped if it were a private person, . . ." *State v. O'Connell,* 83 Wn.2d 797, 825, 523 P.2d 872, 77 A.L.R.3d 874 (1974). On occasion, courts will find an implied contract where the public agent's actual authority was defective, but only if the contract was one which it was within the power of the public body to make. *State v. O'Connell, supra* at 825. In *State ex rel. Bain v. Clallam County Bd. of County Comm'rs, supra,* a question was raised as to the power of agents of a municipal corporation, a political subdivision of the state. The court enunciated a principle which applies as well to agents of the State: "When dealing with an officer . . . of [the State] . . ., one must be presumed to have knowledge of the official's power and authority, and when one deals with them in a manner not in compliance with the law one does so at one's peril." *State ex rel. Bain v. Clallam County Bd. of County Comm'rs, supra* at 549.

The school district extrapolates from Codd's apparent authority to enter into agreements regarding education personnel for the penitentiary a commensurate authority to bind the State to indemnify the school district in suits involving personnel hired to teach at the penitentiary. We disagree. Nothing in the statute nor in Codd's duties gave him such broad powers. We express grave doubts as to whether Codd's vague oral assurances ever rose to the level

of an enforceable contract under any circumstances; however, we need not reach that issue since we find Codd had no statutory power or authority to commit the State to indemnify the school district. Thus, assuming there was an agreement between him and the district, it was void.

The school district also argued Barendregt had dual employment, *i.e.*, with both the district and the State. That issue was decided otherwise in *Barendregt v. Walla Walla School Dist. 140, supra* at 159, wherein the court unequivocally stated: "By the clear terms of three contracts, petitioner was an employee of the district. There was no contractual relationship of any kind between petitioner and the penitentiary." Because Codd did not have the authority to enter into an indemnification agreement with the school district, it is unnecessary to address the other issues raised by the parties.

We reverse the order granting the school district's summary judgment; finding no genuine issue of material fact, we grant the State's motion for summary judgment and dismiss this action.

GREEN, C.J., and ROE, J., concur.

Reconsideration denied June 17, 1980.

Review denied by Supreme Court August 15, 1980.