[No. 4964–7–III.   Division Three.   April 12, 1983.]

GLORIA MAE BUTLER, ET AL, *Appellants,* v. REPUBLIC SCHOOL DISTRICT, *Respondent.*

*Edward A. Hemphill* and *Jeffrey J. Thimsen,* for appellants.

*Norman G. Sauer,* for respondent.

McINTURFF, J.—Gloria Mae Butler and Sidney Cowan brought this action against the Republic School District (District) when the District terminated their employment as bus drivers at the end of the 1980–81 school year. They appeal the entry of a summary judgment dismissing their action, and raise issues concerning their right to a discharge hearing. We affirm.

By letters dated May 26, 1981, Gil Johnson, the District's superintendent, notified Mrs. Butler and Mr. Cowan their bus driving services would not be needed for the 1981–82 school year. The letter to Mrs. Butler cited her inconsistency in safety habits, driving skills, and overall discipline as reasons for the District's decision. The letter to Mr. Cowan cited his improper discipline procedures. Both letters referred to the terminations as dismissals.

First, Mrs. Butler and Mr. Cowan contend RCW 28A.58-.100 requires the District to show sufficient cause for dismissal, whether it occurs during the school year or at the end. We disagree.

RCW 28A.58.100 provides:

> Every board of directors, unless otherwise specially provided by law, shall:
> (1) Employ for not more than one year, and for sufficient cause discharge all certificated and noncertificated employees;

(Italics ours.) This statute unambiguously limits the length of school district employment contracts to 1 year. If we were to hold that RCW 28A.58.100 requires sufficient cause

for dismissal at the end of the contract year, we would negate the 1–year limitation imposed by the Legislature. School district employees, for all practical purposes, would have continuing contracts. In order to give effect to the 1–year limitation, the sufficient cause requirement must be read to apply only to dismissals occurring during the school year.

Moreover, we note that RCW 28A.67.070[1] gives teachers and other certificated personnel a right to a hearing to determine whether there is sufficient cause for *nonrenewal.* RCW 28A.67.070 would be unnecessary if RCW 28A.58.100 already required proof of sufficient cause for termination at the end of the school year. Since the Legislature presumptively does not enact statutes which are unnecessary or meaningless, *In re Sage,* 21 Wn. App. 803, 810, 586 P.2d 1201 (1978), RCW 28A.58.100's requirement of sufficient cause for dismissal must refer only to terminations made *during* the school year. Consequently, Mrs. Butler's and Mr. Cowan's terminations, which were effective at the *close* of the school year, are not subject to the sufficient cause requirement of RCW 28A.58.100.

Our conclusion is supported by analogy by *Causey v. Board of Trustees,* 30 Wn. App. 649, 651, 638 P.2d 98 (1981). There, the court held that a community college professor's probationary contract could be terminated without cause when it expired.[2] The fact the college board of trustees set forth lack of enrollment as the reason for its

---

[1]RCW 28A.67.070 states in pertinent part:

"In the event it is determined that there is probable cause . . . that the employment contract of an employee should not be renewed . . . for the next ensuing term such employee shall be notified in writing on or before May 15th . . . Every such employee so notified, at his or her request . . . shall be granted opportunity for hearing . . . to determine whether there is sufficient cause . . . for nonrenewal of contract."

[2]The professor's appointment was pursuant to RCW 28B.50.851(3) which provides:

"'Probationary faculty appointment' shall mean a faculty appointment for a designated period of time which may be terminated without cause upon expiration of the probationer's terms of employment;"

action did not operate to impose a requirement of sufficient cause for nonrenewal. Likewise, a showing of sufficient cause is not required here simply because the letters to the two employees set forth reasons for their termination at the end of the school year. The District did not need a reason to terminate them once the school year expired. *Roberts v. ARCO,* 88 Wn.2d 887, 891, 568 P.2d 764 (1977).

Mrs. Butler and Mr. Cowan advance several additional arguments in support of their position. We have reviewed those arguments and find them to be without merit.[3]

Second, Mrs. Butler and Mr. Cowan argue that an issue of material fact exists concerning whether the parties had an implied agreement for permanent employment. Such an agreement requires a showing of sufficient cause for termi-

---

[3]Mrs. Butler and Mr. Cowan point to RCW 28A.58.136 which authorizes school districts to operate lunchrooms. The statute defines "operate" as including "the employment and discharge for sufficient cause of personnel necessary for [food] preparation . . . or supervision of students . . ." Since the statute does not limit school districts to employment contracts of 1 year, Mrs. Butler and Mr. Cowan assume no such limitation exists with respect to lunchroom personnel. They argue the absence of a limitation in the one situation indicates the Legislature did not intend that RCW 28A.58.100 impose a 1–year limitation.

We disagree with the assumption that school districts may contract to employ lunchroom personnel for longer than 1 year at a time. The absence of the 1–year limitation in RCW 28A.58.136 does not mean lunchroom personnel are exempted from RCW 28A.58.100. RCW 28A.58.136 does not touch on the authority of school districts to enter into employment contracts for a definite time period. On the other hand, the matter is specifically addressed in RCW 28A.58.100. Since both sections are part of the same legislative act, they must be read in relation to each other and, if possible, so their provisions harmonize with each other. *See Newschwander v. Board of Trustees,* 94 Wn.2d 701, 707, 620 P.2d 88 (1980). We interpret RCW 28A.58.100 as applying to all school district personnel, "unless otherwise specially provided by law." RCW 28A.58.136 does not "otherwise specially provide" for lunchroom personnel.

Nor are we persuaded by Mrs. Butler's and Mr. Cowan's argument that they have an expectancy of continued employment by virtue of the Legislature having included noncertificated employees in the sick leave incentive program and in the retirement program. Those programs do not expressly create such an expectancy, and this court will not imply one. As the District points out, many State employees without contracts or statutory protection continue in State employment for indefinite time periods. The Legislature's inclusion of these employees in ongoing programs simply recognizes the fact they *may* continue in State employment, not that they *will.*

nation. *Roberts v. ARCO, supra* at 894.[4]

■ We note that an administrative agency created by statute has only those powers expressly granted by the statute or necessarily implied therefrom. *Barendregt v. Walla Walla Sch. Dist. 140*, 26 Wn. App. 246, 249, 611 P.2d 1385 (1980) (citing *Ortblad v. State*, 85 Wn.2d 109, 117, 530 P.2d 635 (1975)). "A public agent cannot bind a governmental agency when he enters into a contract which is ultra vires . . ." *Barendregt*, at 250. Here, RCW 28A.58.100 limits school districts to offering employment contracts of not more than 1 year's duration. Therefore, any implied contract for permanent employment would be ultra vires as a matter of law.[5]

Finally, Mrs. Butler and Mr. Cowan assert the reasons given for their termination call into question their good names and thereby adversely affect their liberty interests.[6] Such interests may not be infringed without according the individual his right to due process. *Board of Regents v. Roth*, 408 U.S. 564, 33 L. Ed. 2d 548, 92 S. Ct. 2701 (1972).

---

[4]The two employees rely on the conduct of the District as well as on Mrs. Butler's affidavit which states the District did not advise its noncertificated employees they were subject to being rehired every year. Mrs. Butler also attests to the fact her supervisor had asked her if she wanted a permanent position, to which she responded "yes".

[5]Mrs. Butler's and Mr. Cowan's reliance on RCW 41.56, which authorizes public employers to engage in collective bargaining, is unpersuasive. They argue the Legislature intended to allow school districts to contract for employment beyond 1 year because collective bargaining agreements routinely contain seniority clauses which limit a school district's authority to nonrenew. However, those collective bargaining agreements are not before this court. In fact, no collective bargaining agreement was in effect at the time of the terminations. Whether such agreements with seniority clauses are in excess of statutory authority is not a question which should be determined in this appeal.

[6]Mrs. Butler's supplemental affidavit is the only pleading which addresses this issue. It states:

"Termination for these reasons, reflects on my good name for responsibility and safety and makes it unlikely that I can find future employment as a school bus driver.

"Many people in the Republic area have asked me about the details of my termination. Many local residents think I was terminated for incompetence."

■ While nearly any reason given for dismissal is likely to have a negative reflection, every dismissal does not thereby assume constitutional magnitude. *Giles v. Department of Social & Health Servs.*, 90 Wn.2d 457, 461, 583 P.2d 1213 (1978). Even if the employee's integrity or honor is implicated, this court has not required a hearing where there is no showing the governmental employer publicized the charges leading to the dismissal. *State ex rel. Swartout v. Civil Serv. Comm'n*, 25 Wn. App. 174, 182, 605 P.2d 796 (1980).

Here, the District's reasons for terminating Mrs. Butler and Mr. Cowan relate to their competence. They are not charges which cast doubt on their honesty or make it impossible for them to secure employment elsewhere. Moreover, the record does not reflect that the District disseminated the reasons for its actions to the public. Thus, this situation differs materially from that presented in *Roach v. Plainview Sch. Dist. 5*, 499 F. Supp. 702 (D. Neb. 1978), cited by Mrs. Butler and Mr. Cowan, where a school bookkeeper was discharged in a *public* meeting for irregularities in the books kept by her, a charge which clearly projected an implication of dishonesty.

Accordingly, the trial court properly held as a matter of law that the District's decision to nonrenew did not adversely affect Mrs. Butler's and Mr. Cowan's liberty interests.

The judgment of the Superior Court is affirmed.

MUNSON, A.C.J., and GREEN, J., concur.