Phineas HAGLIN, Plaintiff—Appellant,

v.

CITY OF ALGONA, a municipal corporation; Glenn R Wilson, Mayor of the Defendant, City of Algona and an individual, Defendants—Appellees.

No. 01–35287.

D.C. No. CV–00–00699–BJR.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 14, 2002.

Decided July 12, 2002.

Before BROWNING, B. FLETCHER and GOULD, Circuit Judges.

MEMORANDUM *

Phineas Haglin, former Chief of Police for the City of Algona, appeals the district court's summary judgment in favor of the City and Mayor Glenn R. Wilson in Haglin's 42 U.S.C. § 1983 and breach of contract action.

In September 1999, Haglin agreed to serve as Algona's Chief of Police and signed an agreement entitled Employment Contract Between the City of Algona and Chief of Police ("Employment Contract"). The Employment Contract gave Haglin a three-year term of employment. Although Algona Mayor Glenn Wilson signed the Employment Contract in November of 1999, it was never presented to Algona's city attorney for approval, to the Algona

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

City Council for a vote, or to Algona's city clerk for permanent filing. Haglin's employment was terminated by letter dated January 6, 2000.

Haglin's complaint alleged that he and Algona entered into an agreement that entitled him to three years of continued employment that could only be terminated for just cause. He claimed that he had adequately performed his job functions, that Algona's decision to terminate his employment was not supported by sufficient cause, and that Algona had violated the agreement. The district court granted summary judgment on this breach of contract claim, finding that the Employment Contract never took effect because it was not ratified by the Algona City Council, as required by statute. We affirm, but on different grounds.

The Washington Revised Code § 35A.12.090 provides:

> The mayor shall have the power of appointment and removal of all appointive officers and employees subject to any applicable law, rule, or regulation relating to civil service. The head of a department or office of the city government may be authorized by the mayor to appoint or remove subordinates in such department or office, subject to any applicable civil service provisions .... Appointive offices shall be without definite term unless a term is established for such office by law, charter or ordinance.

There is no law, charter or ordinance allowing for the position of Chief of Police to be for a definite term. And to the contrary, the City of Algona's job description for the Chief of Police, adopted by the Algona City Council in 1992, states: "The position of Police Chief is a full-time FLSA–Civil Service exempt management position reporting directly to the Mayor of the City ... The Mayor, subject to confirmation by the City Council, appoints this position. Employment is at will."

■ Although Mayor Wilson had statutory authority to appoint Haglin to be Chief of Police, Wilson explicitly did not have authority to contract for a three-year term of employment. Mayor Wilson's action in executing the three-year contract on behalf of Algona was beyond doubt *ultra vires* and thus unenforceable. *See Noel v. Cole*, 98 Wash.2d 375, 378–79, 655 P.2d 245 (1982).[1]

■ Haglin alternatively argues that Algona must be estopped from challenging the enforceability of the Employment Contract because Mayor Wilson had apparent authority to sign the agreement and Haglin subsequently relied on the agreement to his detriment. However, the estoppel doctrine has no effect on the invalidity of an *ultra vires* act. *See Choi v. Fife*, 60 Wash.App. 458, 464, 803 P.2d 1330 (1991) ("[T]he doctrine of equitable estoppel will not be applied to a governmental body where the act giving rise to the alleged reliance was ultra vires or void.") (citation omitted); *Barendregt v. Walla Walla School Dist. No. 140*, 26 Wash.App. 246, 250, 611 P.2d 1385 (1980) (stating that a public agent cannot bind a governmental agency when he enters into a contract which is *ultra vires*, "even though the public body for which he acts may have clothed him with such indicia of authority that it would be estopped if it were a private person").

■ Haglin also claims that his due process rights were violated because he was not given a pre-termination hearing that

---

1. We also reject Haglin's implied contract theory because Mayor Wilson lacked any authority to enter into a three-year employment contract on behalf of Algona, explicit or implied.

complied with due process requirements of notice and an opportunity to be heard. Algona responds that Haglin had no entitlement to continued employment and therefore no property interest in his position with the City, such that pre-termination procedures were not mandated. We agree with Algona's position.

■ We have held that "at a minimum" the elements of a § 1983 claim based on a violation of procedural due process are: "(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; and (3) lack of process." *Kimes v. Stone*, 84 F.3d 1121, 1129 (9th Cir.1996); *Portman v. County of Santa Clara*, 995 F.2d 898, 904 (9th Cir.1993). If employment is at-will, then the claimant has no property interest in the job. *Brady v. Gebbie*, 859 F.2d 1543, 1548 (9th Cir.1988). The City of Algona's job description for the Chief of Police states that the position is at-will.

Here, as discussed above, the three-year Employment Contract was not in effect at the time of Haglin's termination because it was the result of an ultra vires act. By statute as well as by job description, Haglin's employment was at-will. Haglin could not have had a "reasonable expectation" of continued employment and thus had no constitutionally protected property right in his job.[2]

**AFFIRMED.**

---

**2.** We reject Haglin's due process arguments that rest on his implied contract theory because we have held there was no implied contract. *See supra* note 1.