NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

DEC 24 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FARLEY WALKER,

              Plaintiff-Appellant,

  v.

ELLENSBURG SCHOOL DISTRICT; et al.,

              Defendants-Appellees.

No.   19-35234

D.C. No. 1:17-cv-03183-SAB

MEMORANDUM*

Appeal from the United States District Court
for the Eastern District of Washington
Stanley Allen Bastian, District Judge, Presiding
Argued and Submitted December 11, 2019
Seattle, Washington

Before: HAWKINS and McKEOWN, Circuit Judges, and HARPOOL,** District Judge.

     Plaintiff Farley Walker appeals the district court's order granting summary judgment in favor of Defendants Ellensburg School District et al. ("District"). Walker alleged he was discharged from his position as Executive Director of Business Services without good cause, and in retaliation for budget complaints he

---

     * This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     ** The Honorable M. Douglas Harpool, United States District Judge for the Western District of Missouri, sitting by designation.

made to the school board. The district court concluded that placing Walker on administrative leave through the end of the 2016-2017 school year did not constitute a termination. The district court also held that the interim superintendent Michael Nollan's decision not to renew Walker's contract for the next school year did not constitute a discharge of employment. Finally, the district court concluded that there was no evidence Nollan's decision not to renew Walker's contract for the next school year was influenced by any board members' concern over Walker's budgetary reports or that any such concerns elevate Walker to whistleblower protection. As a result, the district court granted summary judgment in favor of Defendants. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We review the district court's order granting summary judgment de novo. *Sharer v. Oregon*, 581 F.3d 1176, 1177 (9th Cir. 2009).

Walker's employment with the District was subject to a one-year contract under Washington law. On April 13, 2017, Nollan placed Walker on paid administrative leave through the remainder of his one-year contract, and he received all the benefits he was entitled to under the contract during his leave. Nollan also decided not to renew Walker's contract for the next school year. Washington's legislature has "unambiguously" limited the length of school district employment contracts to one year. *See Butler v. Republic Sch. Dist.*, 661 P.2d 1005, 1007 (Wash.

19-35234

Ct. App. 1983); *see also* Wash. Rev. Code § 28A.400.300. We conclude that Walker was not terminated from his employment. Rather, Walker's one-year contract expired and he was not renewed for the next school year.

Walker's claim he was terminated in violation of public policy based on his allegedly objectionable reports to the Board also fails because there is no evidence that the sole decision-maker, Nollan, made his decisions under the Board's influence or based on any improper motive. There is simply no evidence Nollan made his decision regarding Walker's employment based on Walker's prior budgetary reports to the Board. Even if Walker's reports to the Board had influenced Nollan's decisions, the reports made by Walker as Executive Director for Business Services for the District regarding routine fiscal issues of mutual concern to the Board would not fit within the narrow exception so as to make his termination a violation of a clear mandate of public policy. *See also Thompson v. St. Regis Paper Co.*, 685 P.2d 1081, 1089 (Wash. 1984) (en banc).

Finally, we also conclude that the District's policy, Board Procedure 5280P, does not apply to Walker's claims. Walker was not terminated, therefore, the Board's procedures for termination of an employee are inapplicable, and Walker does not have a breach of promise claim.

**AFFIRMED.**

19-35234