[No. 52054–2. En Banc. July 24, 1986.]

JOHN ROSE, ET AL, *Respondents*, v. LARRY W. ERICKSON, ET AL, *Appellants*.

*Donald C. Brockett, Prosecuting Attorney*, and *Robert B. Binger* and *David A. Saraceno, Deputies*, for appellants.

*Pamela G. Bradburn*, for respondents.

CALLOW, J.—RCW 41.14 established a merit system of employment for county deputy sheriffs and other employees of the office of county sheriff. RCW 41.56 concerns public employees' collective bargaining, the intent and purpose of the chapter being to promote the continued improvement of the relationship between public employers and their employees.

We are asked whether the procedures set forth in RCW 41.14 preempt the grievance procedures set forth in a collective bargaining agreement between the Washington State Council of County and City Employees and Local 492 as the affiliate of the American Federation of State, County and Municipal Employees, hereinafter jointly designated "the Union", and Spokane County and Spokane County Sheriff Larry Erickson.

We hold that RCW 41.56 prevails and affirm the trial court.

John Rose is a permanent employee in the classified civil service of the Spokane County Sheriff's Office and a member of the Union. On December 17, 1984, Sheriff Larry Erickson suspended Rose for 5 days. Since 1973, in a succession of collective bargaining agreements between the Union and Spokane County, employees of the sheriff's office have been granted the right to choose between resolving grievance disciplinary matters before an arbitrator or appealing the discipline to the Civil Service Commission as provided by RCW 41.14. On December 18, 1984, Rose filed a grievance pursuant to article 11 of the agreement which provides: "Any disciplinary action or measure imposed upon a permanent employee may be [processed] as a grievance [or] through the regular Civil Service procedures."

John Rose is the first employee of the sheriff's office to exercise his right to have his objection to discipline resolved by arbitration. Sheriff Erickson refused to process the grievance taking the position that, despite the agreement, Rose's exclusive redress was under RCW 41.14. On December 26, 1984, John Rose filed an appeal with the Commission to preserve the agreement's alternative to redress under RCW 41.14. The Commission scheduled an investigation on January 14, 1985, eventually postponing the investigation at the request of the parties until March 22, 1985. The Commission refused the Union's request that it delay processing Rose's appeal while the preferred grievance process by arbitration was pursued.

John Rose and the Union applied for a writ of mandate on February 19, 1985, asking that Sheriff Erickson be compelled to process the grievance under the procedures provided by the agreement and that the Commission be prohibited from conducting an investigation under RCW 41.14.120. RCW 41.14.120 reads in part as follows:

No person in the classified civil service who has been permanently appointed or inducted into civil service under provisions of this chapter, shall be removed, suspended, demoted, or discharged except for cause, and only upon written accusation of the appointing power or any citizen or taxpayer . . . Any person so removed, suspended, discharged, or demoted may within ten days from the time of his removal, suspension, discharge, or demotion file with the commission a written demand for an investigation, whereupon the commission shall conduct such investigation. . . . The investigation shall be confined to the determination of the question of whether the removal, suspension, demotion, or discharge was made in good faith for cause.

The trial court issued the writ of mandamus on March 22, 1985.

A writ of mandamus requires a public official to perform a duty imposed by law; it does not "compel a public officer to perform some duty which he cannot legally perform." *State ex rel. Rand v. Seattle,* 13 Wn.2d 107, 120,

124 P.2d 207 (1942). Sheriff Erickson argues that RCW 41.14 preempts RCW 41.56 regarding the discipline of sheriff's employees and, therefore, the agreement does not impose a legal duty enforceable by a writ of mandamus.

RCW 41.14.080 states in pertinent part:

> No person in the classified civil service shall be reinstated in or transferred, suspended, or discharged from any such place, position, or employment contrary to the provisions of this chapter.

*Clallam Cy. Deputy Sheriff's Guild v. Board of Clallam Cy. Comm'rs*, 92 Wn.2d 844, 851, 601 P.2d 943 (1979) said:

> A full reading of RCW 41.14 reveals that in its enactment the legislature intended to preempt the coverage by county personnel systems of deputy sheriffs' selection, promotion and termination. . . .
>
> . . .
>
> . . . We recognize, however, that not every provision of ordinance No. 80 necessarily conflicts with and is preempted by RCW 41.14; RCW 41.14 is offended only by those provisions of ordinance No. 80, if any, that purport to regulate the existing merit system of employment of deputy sheriffs.

The above dicta is not controlling in that *Clallam County* involved a conflict between RCW 41.14 and a county ordinance, rather than a statutory conflict.

Employee Rose argues that RCW 41.56 prevails. RCW 41.56.905 reads:

> The provisions of this chapter are intended to be additional to other remedies and shall be liberally construed to accomplish their purpose. Except as provided in RCW 53.18.015, *if any provision of this chapter conflicts with any other statute, ordinance, rule or regulation of any public employer, the provisions of this chapter shall control.*

(Italics ours.) *Spokane v. Spokane Police Guild*, 87 Wn.2d 457, 464, 553 P.2d 1316 (1976) commented on RCW 41.56-.905 as follows:

> The legislature . . . provided in RCW 41.56.905 that the provisions of the act "shall control" in case of conflict

with "any other statute, ordinance, rule or regulation of any public employer as it relates to uniformed employees . . ."

(Footnote omitted.) We have said that as a matter of policy, arbitration is strongly favored. *See Hanford Guards Local 21 v. General Elec. Co.*, 57 Wn.2d 491, 497–98, 358 P.2d 307 (1961); *IBEW Local 483 v. Tacoma*, 20 Wn. App. 435, 582 P.2d 522 (1978); *Council of Cy. & City Employees v. Spokane Cy.*, 32 Wn. App. 422, 647 P.2d 1058 (1982).

■ Apparent conflicts in statutes should be reconciled and effect given to each if this can be achieved without distortion of the language used. *Tommy P. v. Board of Cy. Comm'rs*, 97 Wn.2d 385, 391, 645 P.2d 697 (1982); *see Nisqually Delta Ass'n v. DuPont*, 103 Wn.2d 720, 696 P.2d 1222 (1985); *State v. Fagalde*, 85 Wn.2d 730, 539 P.2d 86 (1975). The language of RCW 41.14.080 and RCW 41.56.905 is in conflict and we are unable to give effect to each without distortion of the language used in one or the other. Therefore, a review of the Legislature's treatment of these statutes is helpful in determining which should prevail.

■ RCW 41.56.905 was added as a part of the 1973 amendment to chapter 41.56. Laws of 1973, ch. 131, § 10. Significantly, in Laws of 1983, ch. 287, § 5, the Legislature changed the references to the 1973 amendment and enacted the provisions stating that a liberal construction should be given to all of RCW 41.56 and conflicts resolved in favor of the dominance of that chapter. The change is significant and we conclude that in the event of conflict between RCW 41.14 and RCW 41.56, RCW 41.56 must prevail.

RCW 41.14 has been amended often since the enactment of RCW 41.56. The Legislature has not amended the pertinent portion of RCW 41.14.080 cited above. *See* Laws of 1980, ch. 108, § 1. This indicates that the Legislature did not intend the procedures of RCW 41.14 to supplant RCW 41.56. We conclude that the Legislature intended that RCW 41.56 prevail.

The decision of the trial court which issued the writ of mandamus compelling Sheriff Erickson to process Rose's

grievance under the collective bargaining agreement is affirmed.

DOLLIVER, C.J., UTTER, DORE, PEARSON, ANDERSEN, GOODLOE, and DURHAM, JJ., and CUNNINGHAM, J. Pro Tem., concur.