[No. 12641-9-II.   Division Two.   June 6, 1990.]

MICHAEL R. McGUIRE, *Appellant,* v. THE STATE OF WASHINGTON, ET AL, *Respondents.*

---

*James M. Beecher, Gary A. Boe,* and *Hackett, Beecher & Hart,* for appellant.

*Kenneth O. Eikenberry, Attorney General,* and *Elizabeth J. Erwin* and *Michael P. Lynch, Assistants,* for respondents.

PETRICH, J.—Michael McGuire appeals from a summary judgment dismissing his claim of wrongful discharge against the State of Washington and Ronald Bailey, Director of the State Gambling Commission. McGuire was discharged from his position as a Gambling Commission investigator, a position which is exempt from the state civil service law.[1] McGuire's discharge followed an internal investigation concerning his history of playing golf with licensees, including

---

[1]RCW 9.46.080 provides in relevant part that "personnel occupying positions requiring the performing of undercover investigative work shall be exempt from the provisions of chapter 41.06 RCW . . .". RCW 41.06 is the state civil service law.

a licensee under investigation by the Gambling Commission.

The issues presented are whether the employment status of an exempt state employee is terminable at will and whether that status may be modified by the principles of *Thompson v. St. Regis Paper Co.*, 102 Wn.2d 219, 685 P.2d 1081 (1984). We must also resolve whether McGuire's liberty interest, protected by the procedural due process clause of the Fourteenth Amendment, was implicated by the manner of termination. We affirm.

[1] Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR 56(c). This court must engage in the same inquiry as the trial court. *Wilson v. Steinbach*, 98 Wn.2d 434, 437, 656 P.2d 1030 (1982). All reasonable inferences from the facts are to be considered in a light most favorable to the nonmoving party. *Wilson*, 98 Wn.2d at 437. The moving party bears the burden of proving that there is no genuine issue of fact which could influence the outcome at trial. *Hartley v. State*, 103 Wn.2d 768, 774, 698 P.2d 77 (1985).

■■ In general, an employment contract that is indefinite in duration is terminable at will by either the employer or the employee. *Roberts v. ARCO*, 88 Wn.2d 887, 894, 568 P.2d 764 (1977). Such a contract is terminable by the employer only for cause if (1) there is an implied agreement to that effect, or (2) the employee gives consideration in addition to the contemplated service. *Roberts*, 88 Wn.2d at 894. In addition, *Thompson v. St. Regis Paper Co.*, 102 Wn.2d 219, 233, 685 P.2d 1081 (1984), held that promises of specific treatment in specific situations found in employee manuals or handbooks issued by an employer to his or her employees may, in appropriate situations, obligate the employer to act in accord with those promises.

The exemption of McGuire's position from the state civil service law and the lack of any contractual terms to the

contrary (none have been provided), make the employment relationship between McGuire and the Gambling Commission terminable at will. However, McGuire contends that the Gambling Commission created an implied contract with him by virtue of employment manuals and handbooks and evaluation, disciplinary, and grievance procedures that he would be fired only for cause.

In making his argument, McGuire combines and confuses the theory of implied contract with the theory of specific treatment in specific situations. Under *Thompson,* these are distinct exceptions to the terminable at will relationship and should be discussed separately. 102 Wn.2d at 233.

The *Thompson* court specifically held that under its facts, there was no implied contract. 102 Wn.2d at 224. Similarly here, we see no evidence of an implied contract between McGuire and the Gambling Commission. What McGuire apparently contends is that he comes under the holding of *Thompson* concerning promises of specific treatment in specific situations. However, we agree with the respondents' position that the Gambling Commission lacked authority to modify its employment relationship with McGuire.

The power and authority of an administrative agency is limited to that which is expressly granted by statute or necessarily implied therein. *McGovern v. Department of Social & Health Servs.,* 94 Wn.2d 448, 450, 617 P.2d 434 (1980); *Barendregt v. Walla Walla Sch. Dist. 140,* 26 Wn. App. 246, 249, 611 P.2d 1385, *review denied,* 94 Wn.2d 1005 (1980). As noted above, RCW 9.46.080 expressly exempts investigatory positions from the state civil service law. The civil service scheme requires the state to show cause before it disciplines, suspends, or dismisses covered employees. Further, it defines what conduct constitutes cause.[2] Any

---

[2]RCW 41.06.150 mandates the state personnel board to adopt and promulgate rules, regulations, and procedures for the dismissal, suspension, or demotion of an employee and appeals therefrom. Pursuant to the authority granted in part by RCW 41.06.150, WAC 356–34–010 lists nine causes for which a permanent employee may be demoted, suspended, reduced in salary or dismissed. WAC 356–

attempt by the Gambling Commission to confer upon an employee the very rights from which the employee is statutorily exempt would be ultra vires and void as a matter of law. Therefore, if the Gambling Commission made promises of specific treatment in specific situations to McGuire, those promises would be void.

■ McGuire argues that he was deprived of his liberty interest in future employment without due process of law. A liberty interest is infringed if the government either (1) imposes a stigma and thereby forecloses the employee's freedom to obtain other employment or (2) dismisses an employee on grounds that call into question his or her integrity, honor, or good name in the community. *Board of Regents v. Roth,* 408 U.S. 564, 33 L. Ed. 2d 548, 92 S. Ct. 2701 (1972); *Dicomes v. State,* 113 Wn.2d 612, 629–30, 782 P.2d 1002 (1989); *Ritter v. Board of Comm'rs,* 96 Wn.2d 503, 510, 637 P.2d 940 (1981).

McGuire argues that his liberty interest was infringed by Bailey's statement to members of the Seattle office that he was discharged for reasons other than playing golf. He contends that whether he suffered a deprivation of his liberty interest from this statement and from his termination itself is a question of fact and inappropriate for summary judgment. However, *Dicomes* and *Jordan v. Oakville,* 106 Wn.2d 122, 720 P.2d 824 (1986), involved similar challenges and were resolved on summary judgment. In both cases, the Supreme Court held that the employees' liberty interests were not infringed.

This case is similar to *Jordan,* in which the plaintiff alleged that his employer made derogatory remarks about him to the city council. However, the plaintiff presented no evidence to show that his reputation was damaged or that

34–040 permits dismissal for cause and prescribes the procedure to be followed, including notice requirements. WAC 356–34–080 permits a permanent employee who has been subject to disciplinary action to appeal to the personnel appeals board. It also permits appeal by any employee adversely affected by a violation of the state civil service law, RCW 41.06, or of the merit system rule, WAC 356.

he was thereby deprived of other employment opportunities. *Jordan,* 106 Wn.2d at 131. Similarly here, McGuire makes only assertions that his reputation was damaged and that law enforcement agencies are suspicious of applicants who have been terminated by other agencies. The record is devoid of any evidence that he was deprived of other employment opportunities as a result of a reputation damaged by Bailey's comment.

"Nearly any reason assigned for dismissal is likely to have some negative reflection on an individual. However, not every dismissal assumes a constitutional magnitude." *Jordan,* 106 Wn.2d at 131, quoting *Giles v. Department of Social & Health Servs.,* 90 Wn.2d 457, 461, 583 P.2d 1213 (1978). Here, McGuire's liberty interest was not implicated and, therefore, there was no denial of procedural due process.

Based on our disposition of this case, it is unnecessary to address the immunity defense posed by the respondents.

Affirmed.

ALEXANDER, C.J., and WORSWICK, J., concur.

Review denied at 115 Wn.2d 1021 (1990).