[No. 10172-0-III.   Division Three.   September 18, 1990.]

LEW WHEELER, ET AL, *Appellants,* v. EAST VALLEY SCHOOL DISTRICT No. 361, *Respondent.*

*Eric T. Nordlof,* for appellants.

*Robert B. Henderson, Lewis M. Schrawyer,* and *Keyes & Schrawyer,* for respondent.

GREEN, J.—East Valley School District 361 (District) restored the seniority rights of an employee, a bus driver, who had been promoted out of the bargaining unit for 2 years and was then transferred back. The District denied a contract grievance by the school bus drivers and the Public School Employees of Washington (Union). This matter was appealed to the Superior Court where summary judgment was granted for the District. The Union appeals; we affirm.

In 1971, Alice Beattie was hired by the District to be a school bus driver. During the 1984–1985 school year, the District promoted her to transportation dispatcher/driver trainer, a new position not included in the bargaining unit.[1] At the time Ms. Beattie was offered the exempt position, she was told by the District that her seniority rights would be preserved in the event she returned to the bargaining unit. She did not earn seniority credit while working in the exempt position.

---

[1] In May 1986, the Union sought a unit clarification from the Public Employee Relations Commission to have Ms. Beattie returned to the bargaining unit by including the transportation dispatcher/driver trainer position in the unit. The Union subsequently withdrew this request.

Ms. Beattie continued as transportation dispatcher until the 1986–1987 school year when the District eliminated the position. She was then reassigned to the bargaining unit as a school bus driver and her seniority rights were restored.

The dispositive issue[2] is whether the restoration of seniority rights breached the collective bargaining agreement between the Union and the District.[3] It is the Union's position that under the bargaining agreement seniority is lost when an employee "resigns" from the bargaining unit. To the contrary, the District contends seniority is lost only when an employee resigns from District employment.

The agreement is silent as to whether a promotion or transfer to an exempt position affects seniority rights acquired in the bargaining unit. Article 17, section 2 of the agreement then in effect[4] provided:

---

[2]The District first contends the appeal should be dismissed because the Union failed to define the issues in its brief. The District's interpretation of RAP 12.1 is overly technical; the assignments of error apprise the court of the issues to be resolved.

[3]The parties disagree as to the standard of review, whether it is de novo, arbitrary or capricious, or error of law. Since the circumstances which led to the restoration of Ms. Beattie's seniority are undisputed as evidenced by the summary judgment, only a legal issue is presented. Whether the standard is de novo or error of law is of no moment; under either standard this court may substitute its interpretation of the law for that of the administrative body. *Rosell v. Department of Social & Health Servs.*, 33 Wn. App. 153, 156, 652 P.2d 1360 (1982).

[4]A subsequent collective bargaining agreement between the parties addressed the issue of how a transfer outside the bargaining unit affects an employee's seniority:

### Article XVII

. . . .

*Section 2. Seniority.* The seniority of an employee within the total bargaining unit shall be established as of the date on which the employee began continuous daily employment as a regular employee (hereinafter referred to as the "hire date") unless such seniority shall be lost as hereinafter provided. If an employee leaves the bargaining unit to go to an exempt position, they must return within twelve (12) months . . . or lose all seniority in the bargaining unit.

Section 2.3 remained the same.

The original agreement was effective until June 30, 1987; the effective date of the new agreement was September 1, 1987. Ms. Beattie was notified of her

The seniority of an employee within the job classification as well as the total bargaining unit shall be established as of the date on which the employee began continuous daily employment as a regular employee (hereinafter referred to as the "hire date") unless such seniority shall be lost as hereinafter provided.

Article 17, section 2.3 of the agreement further provided:

The seniority of an employee shall be lost for the following reasons:
A. *Resignation*
B. Discharge for sufficient cause
C. Retirement

(Italics ours.) The question presented is whether the term "resignation" means resignation from employment by the District or merely from the bargaining unit.

No Washington cases have been cited addressing this issue. For other jurisdictions see Annot., *Construction and Application of Seniority Provisions in Labor Relations Agreements*, 90 A.L.R.2d 975 (1963). Furthermore, the labor arbitration cases cited by both parties indicate the law is not well settled.

The Union refers to other language in the agreement relating to involuntary layoffs and a resulting loss of seniority after 20 days. It argues that in view of this, a voluntary withdrawal from the bargaining unit should result in total loss of seniority. However, the agreement reveals that loss of seniority is limited to those reasons listed in section 2.3. Consequently, we do not find the Union's argument persuasive.

The Union also contends the trial court erred by not accepting the undisputed affidavit of Ben B. Blackwell, Assistant Executive Director of the Public School Employees of Washington. He averred the term "resignation" as used throughout Washington state public school bargaining agreements is a technical term or word of art and defines

reassignment to the collective bargaining unit on August 13, 1987. Error has not been assigned to the court's reliance on the original agreement.

resignation as the act of leaving the bargaining unit. Mr. Blackwell further averred the only exception to this definition is when the Union and the District negotiate specific language to the contrary. However, the Union has failed to point to any legal authority supporting its claim "resignation" is a term of art. *See Keeton v. Department of Social & Health Servs.,* 34 Wn. App. 353, 358, 661 P.2d 982, *review denied,* 99 Wn.2d 1022 (1983).

Moreover, the facts here differ from cases where the bargaining agreement sets out conditions upon which seniority will be restored to employees who are transferred back or dovetailed into the bargaining unit. *See Evangelista v. Inlandboatmen's Union,* 777 F.2d 1390, 1396 (9th Cir. 1985) (employee who took second job during leave of absence was not entitled to restoration of seniority rights after return to the bargaining unit under the language of the bargaining agreement); *Jones v. General Tire & Rubber Co.,* 541 F.2d 660, 662 (7th Cir. 1976) (bargaining agreement did not give employee a contractual right to be retransferred to bargaining unit; contract only provided if retransfer occurred, seniority would be restored); *Price v. International Bhd. of Teamsters,* 457 F.2d 605 (3d Cir. 1972) (employment contract which specifically reserved right to dispose of seniority problems as they arose provided a legal basis for renegotiating seniority rights of dovetailed union members); *Gingras v. General Elec. Co.,* 476 F. Supp. 644, 646 (E.D. Pa. 1979) (language of bargaining agreement which stated employee "may" be returned to bargaining unit with corresponding restoration of seniority was permissive language); *Csanadi v. Teamsters Local Union 773,* 463 F. Supp. 276 (E.D. Pa. 1978) (employee not entitled to reinstatement of seniority upon return to bargaining unit when employee failed to obtain written agreement from union and employer as required by agreement).

Seniority rights are created by the bargaining agreement and, therefore, they are limited by its terms. *Hass v.*

*Darigold Dairy Prods. Co.*, 751 F.2d 1096, 1099 (9th Cir. 1985). As noted in *Keeton,* at 360–61:

> Interpretation of a public employment collective bargaining agreement is governed by the law of contracts. As such, the agreement is susceptible to certain well known canons of construction. First and foremost is the rule that "words and phrases are to be taken in their general and ordinarily accepted meaning and connotation" unless otherwise defined by the parties or by the dictates of the context. The Restatement (Second) of Contracts § 202 (1981) requires the "technical terms and words of art" be given "their technical meaning" when used in an agreement within that field or context. *Additionally, where a general provision precedes specific exceptions or qualifications to the general proposition, both are given effect with the exceptions limited to those specifically delineated, unless indicated otherwise.*

(Citations omitted. Italics ours.)

██ Here, the contract specifies three ways that seniority may be lost. None of those ways specify resignation from the bargaining unit. Thus, for the Union to prevail, it would be necessary for this court to add a fourth way, *i.e.,* "transfer or promoted out of the bargaining unit", to the three ways listed in section 2.3. This would contravene article 18 which acknowledges the agreement as written constitutes the entire agreement between the parties. It is not the function of this court to add or change the terms of a contract.

There being no appropriate language referring to loss of seniority through a transfer or promotion out of the bargaining unit and no legal authority supporting the Union's contention the term "resignation" is a term of art, the Union's position must be rejected.

██ The District contends it is entitled to its attorney fees under RAP 18.1 and *Mahoney v. Shinpoch,* 107 Wn.2d 679, 732 P.2d 510 (1987). We disagree. In *Mahoney,* at 691, the court ruled an appeal is frivolous if there are no debatable issues upon which reasonable minds could differ and

the record is so totally devoid of merit there is no reasonable possibility of reversal. The issue raised here is one of first impression and is not frivolous. The request is denied.
Affirmed.

MUNSON, C.J., and SHIELDS, J., concur.