[No. 62601-4. En Banc.]
Argued January 17, 1996.     Decided October 3, 1996.
PENINSULA SCHOOL DISTRICT NO. 401, *Respondent*, v. PUBLIC SCHOOL EMPLOYEES OF PENINSULA, ET AL., *Appellants*.

*Eric T. Nordlof* and *Edward A. Hemphill*, for appellants.

*Michael H. Rorick* and *Lester Porter, Jr.*, for respondent.

*Harriet K. Strasberg*, on behalf of Washington Education Association, amicus curiae.

MADSEN, J. — At issue in this case is whether a school district's decision not to renew a bus driver's contract may lawfully be subject to a justifiable cause requirement in a collective bargaining agreement negotiated by the bus drivers' bargaining unit. We conclude that such a term does not conflict with RCW 28A.400.300(1) and reverse the trial court's grant of summary judgment.

## FACTS

Pat Scott was employed as a bus driver for the Peninsula School District in Pierce County from 1980 until 1994. Scott belonged to a bargaining unit of classified employees represented by the Public School Employees of Peninsula, Bus Driver Unit (PSE). The District usually issued notices toward the end of each school year informing its bus drivers of the probability of being rehired for the following school year. In June 1994, the District's transportation director's 1993-94 evaluation of Scott described her performance as unacceptable and recommended that she not be retained as a district employee. In July, the District's superintendent wrote Scott that he intended to recommend

to the Board of Directors that her employment not be renewed. He also invited her to attend a hearing on the matter.

Scott and a PSE representative met with the superintendent and again with the Board of Directors and argued that since "just cause" was required to discharge Scott and no such cause had been given, she was entitled to grievance and arbitration provisions in the 1992-1994 collective bargaining agreement that PSE had negotiated with the District. Clerk's Papers (CP) at 27. The agreement contains no express reference to a nonrenewal, but states that an employee "shall be disciplined or discharged only for justifiable cause." CP at 48. The District responded that just cause was not needed since Scott's termination was a nonrenewal at the end of the school year rather than a discharge during the year.

In August, the District sent Scott a letter informing her of its decision not to "re-employ" her for the coming school year. CP at 61. The District added that Scott had no collective bargaining rights to contest its decision since she was terminated following, rather than during, the school year.

Scott and PSE then filed a grievance, alleging lack of just cause for her nonrenewal. When the District declined to recognize the grievance on the grounds that it fell outside the provisions of the collective bargaining agreement, PSE filed a demand for arbitration with the American Arbitration Association. In response, the District sought a declaratory judgment in Pierce County Superior Court. The court granted the District's motion for summary judgment, declaring that Scott possessed no right to continued employment beyond the one-year term permitted under RCW 28A.400.300(1) and that the decision not to renew Scott's contract vested exclusively with the District's Board of Directors. The court added that nothing in the collective bargaining agreement could modify Scott's one-year term of employment and that the District's decision not to renew Scott's contract was not

subject to the grievance and arbitration provisions of the collective bargaining agreement.

PSE and Scott then appealed the trial court's decision directly to this court.

I

The first issue is whether a school district may negotiate a collective bargaining agreement that contains a just cause restriction on the district's ability to terminate classified employees that is enforceable beyond the employees' statutory one-year term of employment.

The District contends that any such restriction on its nonrenewal authority conflicts with RCW 28A.400.300(1), which provides as follows:

> Every board of directors, unless otherwise specially provided by law, shall:
>
> (1) Employ for not more than one year, and for sufficient cause discharge all certificated and noncertificated employees[.]

The trial court agreed with the District's position, observing first that Scott had been nonrenewed rather than discharged and that the just cause requirement in RCW 28A.400.300(1) thus did not apply. The court held further that a collective bargaining agreement provision requiring just cause for nonrenewal would create a continuing contract right in violation of RCW 28A.400.300(1). This statutory provision would be violated because the school district could not agree to a collective bargaining agreement term that granted Scott a right to employment for a period longer than one year.

As support for its decision, the trial court cited *Butler v. Republic Sch. Dist.*, 34 Wn. App. 421, 661 P.2d 1005 (1983). In *Butler*, bus drivers argued that the District had to show sufficient cause for their termination at the end of the school year under the "just cause" provision in RCW 28A.400.300(1) (then codified as RCW 28A.58.100). The

Court of Appeals disagreed, stating that the statute "unambiguously limits the length of school district employment contracts to 1 year." *Id.* at 422.

> If we were to hold that [RCW 28A.400.300] requires sufficient cause for dismissal at the end of the contract year, we would negate the 1-year limitation imposed by the Legislature. School district employees, for all practical purposes, would have continuing contracts. In order to give effect to the 1-year limitation, the sufficient cause requirement must be read to apply only to dismissals occurring during the school year.

*Butler*, 34 Wn. App. at 422-23; *see also Clark v. Central Kitsap Sch. Dist. 401*, 38 Wn. App. 560, 562, 686 P.2d 514 (citing *Butler* statement that statute unambiguously limits employee's term to one year, subject only to discharge during the year for sufficient cause), *review denied*, 103 Wn.2d 1006 (1984). The court noted further that any implied agreement for permanent employment of classified employees would be ultra vires as a matter of law. The *Butler* court expressly declined to resolve whether collective bargaining agreements containing terms that · limit a district's authority to nonrenew would also be ultra vires because no collective bargaining agreement was before the court. *Butler*, 34 Wn. App. at 425 n.5.

Unlike the circumstances in *Butler,* this case presents the question of whether provisions in collective bargaining agreements can limit a district's authority to nonrenew. For the reasons set forth below, we find that the restrictions of RCW 28A.400.300(1) can and must be harmonized with RCW 41.56 and the provisions of a collective bargaining agreement mandated by that statute which extends just cause protection beyond one year.

Classified employees of school districts are organized for collective bargaining under the Public Employees' Collective Bargaining Act (PECBA), RCW 41.56. This legislation was enacted in 1967 in order to

> promote the continued improvement of the relationship between public employers and their employees by providing a

uniform basis for implementing the right of public employees to join labor organizations of their own choosing and to be represented by such organizations in matters concerning their employment relations with public employers.

RCW 41.56.010; *Municipality of Metro. Seattle v. Public Employment Relations Comm'n*, 118 Wn.2d 621, 631, 826 P.2d 158 (1992).

The PECBA requires public employers to participate in collective bargaining with the exclusive bargaining representatives of its employees. RCW 41.56.100. The Act defines collective bargaining in part as

> the performance of the mutual obligations of the public employer and the exclusive bargaining representative to meet at reasonable times, to confer and negotiate in good faith, and to execute a written agreement with respect to grievance procedures and collective negotiations on personnel matters, including wages, hours and working conditions . . . .

RCW 41.56.030(4).

■■■ Job security provisions, including a just cause limit on terminations, come within the ambit of "working conditions" and constitute a mandatory subject of bargaining. *See City of Pasco v. Public Employment Relations Comm'n*, 119 Wn.2d 504, 509, 833 P.2d 381 (1992). RCW 41.56, being remedial in nature, is entitled to a liberal construction to effect its purpose of implementing the right of public employees to join and be represented by labor organizations. *Nucleonics Alliance, Local 1-369 v. Washington Pub. Power Supply Sys.*, 101 Wn.2d 24, 29, 677 P.2d 108 (1984); *Municipality of Metro. Seattle*, 118 Wn.2d at 633. A liberal construction requires that the coverage of the act's provisions "be liberally construed and that its exceptions be narrowly confined." *Nucleonics*, 101 Wn.2d at 29; *Hearst Corp. v. Hoppe*, 90 Wn.2d 123, 128, 580 P.2d 246 (1978). The PECBA expressly reinforces this requirement by stating that except as provided in RCW 53.18.905 (concerning port districts and their employees), "if any provision of this chapter conflicts with any other statute,

ordinance, rule or regulation of any public employer, the provisions of this chapter shall control." RCW 41.56.905. This statutory provision thus acknowledges that the PECBA may be inconsistent with other statutes, and provides that conflicts are to be resolved in favor of the dominance of the PECBA. *See Pasco*, 119 Wn.2d at 510; *see also Municipality of Metro. Seattle*, 118 Wn.2d at 644.[1]

This dominance was illustrated in *Rose v. Erickson*, 106 Wn.2d 420, 721 P.2d 969 (1986), where this court held that the grievance procedures in a collective bargaining agreement prevailed over civil service procedures set forth in RCW 41.14. The court so held after citing the supremacy clause in RCW 41.56.905, and despite the fact that RCW 41.14.080 states that its provisions cover any personnel actions. *Rose*, 106 Wn.2d at 423-24. The dominance of the PECBA was reaffirmed in *Municipality of Metro. Seattle*, which upheld the authority of a municipality to enter into interest arbitration, noting that "[t]he collective bargaining process entails the ability to agree to provisions which are not entirely beneficial to the municipality . . . ." *Municipality of Metro. Seattle*, 118 Wn.2d at 645.

While the PECBA prevails over inconsistent statutes, if apparent conflicts in the statutes can be reconciled and effect given to each without distortion of the language used, the statute will be harmonized. *In re Eaton*, 110 Wn.2d 892, 901, 757 P.2d 961 (1988); *Rose*, 106 Wn.2d at 424. We do not find a conflict between RCW 28A.400.300(1) and the PECBA in this case, chiefly because the one-year statute

---

[1]The dissent argues that RCW 41.56.905 does not apply because RCW 28A.400.300(1) and RCW 41.56 (PECBA) can be harmonized. Dissent at 417 n.6. Specifically, the dissent agrees that PECBA allows the district and its employees to bargain, but the terms for which they bargain have effect only for a one-year term. This attempt to harmonize, however, overlooks RCW 41.56.070 which authorizes three-year collective bargaining agreements which may include, for example, provisions respecting seniority and the provision at issue here, just cause for nonrenewal which are terms and conditions which will have impact beyond a one-year period. The dissent's interpretation renders the statutory right to collectively bargain for a three-year period meaningless. Moreover, a collective bargaining agreement's good cause provision, if interpreted to provide for good cause termination only during a one-year term, would be unnecessary since RCW 28A.400.300(1) already provides for good cause termination during a one-year period of employment.

and the collective bargaining agreement differ in purpose and in scope.[2]

■ Under RCW 41.56.070, a collective bargaining agreement may remain effective for as long as three years. Therefore, the terms and conditions of employment in a collective bargaining agreement govern covered employees for as long as three years. The collective bargaining agreement is not a hiring agreement, nor does it create a contract of employment for any individual employee for any specific length of time. Thus, it does not conflict with RCW 28A.400.300(1), which prohibits only employment contracts that exceed one year. While this statute prohibits multi-year employment contracts between a school district and individual employees, it does not limit the terms negotiated with respect to reemployment under RCW 41.56. Thus, RCW 28A.400.300(1) does not limit the ability of a school district and a union to negotiate just cause limits on the district's authority to terminate employees during the term of a collective bargaining agreement.[3]

We conclude that RCW 28A.400.300(1) does not preclude a provision in a collective bargaining agreement between a school district and its public employees' bargaining representative which restricts the district's nonrenewal authority.

We note that our discussion comports with an exception

---

[2] We need not turn to statutory history to support our analysis, since we do not find the statutory language ambiguous. *See State v. Roberts*, 117 Wn.2d 576, 584-85, 817 P.2d 855 (1991); *see also Human Rights Comm'n v. Cheney Sch. Dist.*, 97 Wn.2d 118, 641 P.2d 163 (1982).

[3] These conclusions echo those reached by an Oregon arbitrator in resolving a similar dispute under Washington law. Clerk's Papers (CP) at 96, 118 ( In re Arbitration Between Lyle School Dist. & Public School Employees, AAA #75 E 390 0179 87 (1987)). He found nothing inconsistent between the statutory 1-year limitation on employment contracts and a collectively bargained just cause protection that extends for the term of a multi-year collective bargaining agreement between the parties. CP at 117. "Such individual employment contracts . . . are clearly distinguishable from collective bargaining agreements that describe in general terms the on-going terms and conditions of employment of all bargaining unit employees." CP at 118. The arbitrator pointed out that while teachers typically sign individual employment contracts every year, most also enjoy terms and conditions of employment as described in a multi-year collective bargaining agreement.

in RCW 28A.400.300(1) itself which limits its operation where "otherwise specially provided by law." Since collective bargaining is mandated by statute, agreements reached pursuant to such statutes fall within the exception language.

The District, however, raises a number of arguments, none of which we find persuasive. It argues that it could not agree to apply just cause at year's end even it wanted to, since any right to continuing employment for classified employees would be ultra vires. The District argues that it lacks authority to alter terms of employment for classified employees that are set by statute, and cites as support *McGuire v. State*, 58 Wn. App. 195, 791 P.2d 929, *review denied*, 115 Wn.2d 1021 (1990), *cert. denied*, 499 U.S. 906 (1991). In *McGuire*, the court dismissed a Gambling Commission investigator's claim of wrongful discharge. The court reasoned that the express exemption of the investigator from the state civil service law made his employment relationship terminable at will. *Id.* at 197-98. Any promises of specific treatment that the Gambling Commission may have made were ultra vires and void because of the investigator's exemption from the civil service law. "The power and authority of an administrative agency is limited to that which is expressly granted by statute or necessarily implied therein." *McGuire*, 58 Wn. App. at 198.

The District contends in this case that any attempt to circumvent the one-year limitation in RCW 28A.400.300(1) by restricting nonrenewals would be similarly void because it would restrict the power granted the District by the statute. Unlike the exempt employee in *McGuire*, however, Scott is a member of a bargaining unit that is statutorily entitled to enter into a collective bargaining agreement covering wages, hours, and working conditions. While the Gambling Commission lacked authority to alter the terms of McGuire's employment, PSE and the District have statutory authority to enter into a contract governing the terms of Scott's employment.

The District also cites *Oak Harbor Sch. Dist. v. Oak Harbor Educ. Ass'n,* 86 Wn.2d 497, 545 P.2d 1197 (1976) to support its position that any restriction on nonrenewal would be ultra vires. In *Oak Harbor,* this court declared a term in a collective bargaining agreement void because it conflicted with statutory law. The negotiated policy made seniority within the district the controlling factor in determining which teachers should be nonrenewed, while statutory law required that the employee be credited for his or her total years of service, including those served outside the district. *Oak Harbor Sch. Dist.,* 86 Wn.2d at 499. The court noted toward the end of its opinion the suggestion that a school district should be left free to negotiate or adopt whatever criteria it chooses for reduction of personnel. "Whether this is sound public policy is, of course, a question for the legislature, whose authority and responsibility it is to determine the powers and duties of school districts." *Id.* at 500. The District maintains here that its hands are similarly tied by RCW 28A.400.300(1), which prevents it from agreeing to continuing contract rights for classified employees.

Unlike the seniority term considered in *Oak Harbor,* however, there is no express conflict between RCW 28A.400.300(1) and a just cause for nonrenewal provision in a collective bargaining agreement governing classified employees. And as the court found in *North Beach Educ. Ass'n v. North Beach Sch. Dist. 64,* 31 Wn. App. 77, 639 P.2d 821 (1982), a grievance arising under a collective bargaining agreement which falls short of an actual conflict with the statutes may be heard and resolved by arbitration as provided by a collective bargaining agreement. In *North Beach,* the Court of Appeals upheld the union's right to file a grievance concerning a provisional teacher's nonrenewal even though it also held that the school board possessed the exclusive power under RCW 28A.405.220 (then codified as RCW 28A.67.072), not subject to any appeal, to nonrenew the employee. Similarly, in this case no express conflict exists between RCW

28A.400.300(1) and the just cause for nonrenewal provision in the collective bargaining agreement.

Finally, the District cites a recent decision of this court holding that where a statutorily created private right serves a public policy purpose, the persons protected thereby cannot waive that right through the collective bargaining process. *Shoreline Community College Dist. 7 v. Employment Sec. Dep't,* 120 Wn.2d 394, 410, 842 P.2d 938 (1992). More specifically, the court held that a teacher could not waive his right to unemployment benefits in violation of RCW 50.40.010 via a formula set forth in a collective bargaining agreement. *Id.* at 410.

In this case, however, there is no waiver of statutorily created rights at issue. Moreover, in so far as public policy is implicated in this case, the focus of the relevant policy is the importance of the collective bargaining process itself, which is statutorily mandated. *See* RCW 41.56.100. As PSE points out, the seniority provisions negotiated here would be of no significance if the District could terminate a classified employee without cause. The collective bargaining agreement at issue provides that employees accrue seniority, that they may lose seniority for specific reasons, and that their seniority gives them certain preferential rights, including promotion and the scheduling of vacations and layoffs. PSE maintains that the District's position would invalidate the layoff provisions and allow employers to selectively layoff employees at their discretion. While "discharge for justifiable cause" is one reason to lose seniority rights, "nonrenewal" is not. Therefore, either nonrenewal equals discharge for cause under the agreement or a nonrenewed employee retains accrued seniority rights and the seniority-loss clause is meaningless. *See Wheeler v. East Valley Sch. Dist. 361,* 59 Wn. App. 326, 330, 796 P.2d 1298 (1990) ("Seniority rights are created by the bargaining agreement and, therefore, they are limited by its terms.").

Had the Legislature wanted to prevent noncertificated employees from bargaining with regard to nonrenewal

proceedings, it could have done so. RCW 28A.405.220 states that the decision of the board of directors to nonrenew the contract of a <u>certificated</u> employee "shall be final and not subject to appeal." By contrast, there are no statutory nonrenewal provisions applicable to noncertificated employees. The only Washington statute dealing with the hiring and discharging of classified or noncertificated employees is RCW 28A.400.300(1), which states simply that they shall be employed for not more than one year and discharged for sufficient cause unless otherwise provided by law.

We hold that a collective bargaining agreement may require sufficient cause before a classified employee is terminated at the end of the school year, and that it may do so without contradicting the one-year employment limitation for such employees set forth in RCW 28A.400.300(1).

## II

■ The second issue is whether this dispute is arbitrable pursuant to the collective bargaining agreement's grievance procedures. Both parties agree that in Washington, the arbitrability of public sector labor-management disputes is governed by the rules set forth in the "Steelworkers' Trilogy": *United Steelworkers v. American Mfg. Co.,* 363 U.S. 564, 80 S. Ct. 1343, 80 S. Ct. 1363, 4 L. Ed. 2d 1403, 4 L. Ed. 2d 1432 (1960); *United Steelworkers v. Warrior & Gulf Navigation Co.,* 363 U.S. 574, 80 S. Ct. 1347, 80 S. Ct. 1363, 4 L. Ed. 2d 1409, 4 L. Ed. 2d 1432 (1960); *United Steelworkers v. Enterprise Wheel & Car Corp.,* 363 U.S. 593, 80 S. Ct. 1358, 80 S. Ct. 1363, 4 L. Ed. 2d 1424, 4 L. Ed. 2d 1432 (1960). Those rules have been framed as follows:

> (1) Although it is the court's duty to determine whether the parties have agreed to arbitrate a particular dispute, the court cannot decide the merits of the controversy, but may determine only whether the grievant has made a claim which *on its face* is governed by the contract. (2) An order to arbitrate should not be denied unless it may be said with pos-

itive assurance the arbitration clause is not susceptible of *an* interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage. (3) There is a strong presumption in favor of arbitrability; all questions upon which the parties disagree are presumed to be within the arbitration provisions unless negated expressly or by clear implication.

*Council of County & City Employees v. Spokane County,* 32 Wn. App. 422, 424-25, 647 P.2d 1058, *review denied,* 98 Wn.2d 1002 (1982). *See also Meat Cutters Local 494 v. Rosauer's Super Mkts., Inc.,* 29 Wn. App. 150, 154, 627 P.2d 1330, *review denied,* 96 Wn.2d 1002 (1981). Thus, apart from matters that the parties specifically exclude, the questions on which they disagree must come within the scope of the grievance and arbitration provisions of the collective bargaining agreement. *Id.* at 154-55 (citing *Warrior & Gulf,* 363 U.S. at 578-83).

Having rejected the District's contention that this dispute cannot be arbitrated because any limitation on the nonrenewal of classified employees in the collective bargaining agreement conflicts with statutory law, we look to the face of the collective bargaining agreement to determine whether this dispute is arbitrable.

As stated earlier, the agreement contains no express reference to nonrenewal, but states that employees shall be "disciplined or discharged only for justifiable cause." CP at 48. The agreement adds that the issue of cause shall be resolved in accordance with the agreement's grievance procedures. Thus, the question arises as to whether a discharge includes a nonrenewal of employment under the agreement. The District refuses to discuss the terms of the collective bargaining agreement, but PSE argues that a discharge necessarily includes a nonrenewal.

The collective bargaining agreement also contains an exclusion stating that "[m]atters involving employee evaluation are specifically excepted and excluded from being arbitrable under this Article." CP at 52. There is no other reference to employee evaluations or any explanation of this exclusion in the agreement.

Given the fact that neither party addresses this exclusion, as well as the strong presumption in favor of arbitrability, we conclude that an arbitrator should determine the applicability of this exclusion as well as the breadth of the word "discharge" under the collective bargaining agreement.

We reverse the trial court and remand this case for arbitration.

DOLLIVER, SMITH, JOHNSON, and SANDERS, JJ., concur.

ALEXANDER, J. (dissenting) — In my view, the majority misconstrues and, consequently, misapplies RCW 41.56.100, a statute that requires a public employer to bargain with its employees' bargaining representative. I reach this conclusion because in applying the statute as it does, the majority completely eviscerates RCW 28A.400.300(1), a statute that generally prohibits school boards from entering into employment contracts with their employees for a term that exceeds one year.[4] Because I believe that the two statutes should be harmonized to give effect to both, I dissent.

RCW 28A.400.300(1) has previously been viewed by two divisions of the Court of Appeals, and each has concluded that the statute establishes one year as the maximum duration of an employment contract between a school district and its employees. *See Clark v. Central Kitsap Sch. Dist. 401*, 38 Wn. App. 560, 562, 686 P.2d 514, *review denied*, 103 Wn.2d 1006 (1984); *Butler v. Republic Sch. Dist.*, 34 Wn. App. 421, 422, 661 P.2d 1005 (1983) ("This statute [RCW 28A.400.300(1)] unambiguously limits the length of school district employment contracts to 1 year."). The plain words of the statute suggest to me that the Court of Appeals has correctly construed the statute. It

---

[4]RCW 28A.400.300 provides, in relevant part, that

"Every board of directors, unless otherwise specially provided by law, shall:

"(1) Employ *for not more than one year*, and for sufficient cause discharge all certified and noncertified employees[.]" (emphasis added).

logically follows, therefore, that school boards are prohibited from bargaining with their employees' representative about any matter that would lead to execution of a contract of employment that exceeds one year in duration.

The majority does not see RCW 28A.400.300(1) as such an impediment to bargaining, interpreting RCW 41.56.100 in a way that essentially gives the noncertificated employee, in this case, a bus driver with the Peninsula School District, the right to a "continuing contract" throughout the duration of the collective bargaining agreement.[5] In my judgment, this interpretation seriously distorts, if not directly contravenes the "not more than one year" contract limitation set forth in RCW 28A.400.300(1). No judicial body should so completely eviscerate meaning from a statute. *See Klein v. Pyrodyne Corp.*, 117 Wn.2d 1, 13, 810 P.2d 917, 817 P.2d 1359 (1991) ("no part of a statute should be deemed inoperative or superfluous unless it is the result of obvious mistake or error"). *See also Rose v. Erickson*, 106 Wn.2d 420, 424, 721 P.2d 969 (1986).

The majority justifies its refusal to recognize the limiting feature of RCW 28A.400.300(1) by concluding that it "does not limit the ability of a school district and a union to negotiate just cause limits on the district's authority to terminate employees during the term of a collective bargaining agreement." Majority op. at 409. Because the majority reaches this conclusion, it finds it unnecessary to harmonize RCW 28A.400.300(1) and RCW 41.56.100, holding instead that there is no conflict between the statutes "chiefly because the one-year statute and the collective bargaining agreement differ in purpose and in scope." Ma-

---

[5]The right to a continuing contract is specially provided by statute only to certificated employees. *See* RCW 28A.405.200-.220. Although both certificated and classified employees are subject to the one-year employment contract limitation found in RCW 28A.400.300(1), certificated employees, such as teachers, enjoy a statutorily recognized right to prior notice of a district's intent to renew such contracts, a right which classified employees, such as school bus drivers, do not enjoy. *See also Butler*, 34 Wn. App. at 422-23.

jority op. at 408–09.[6] I fail to follow this logic, particularly because it is the maximum term of employment contracts, not the term of collective bargaining agreements, that is established by RCW 28A.400.300(1).

I believe that a better way to resolve this case is to acknowledge that the controversy between the Peninsula School District and the employees' representative places the two statutes in apparent conflict, such that it is appropriate to attempt to harmonize them. *See In re King*, 110 Wn.2d 793, 799, 756 P.2d 1303 (1988) ("Where two statutes are in apparent conflict, this court will, if possible, reconcile them to the end that each may be given effect."). *See also Tommy P. v. Board of County Comm'rs*, 97 Wn.2d 385, 391-92, 645 P.2d 697 (1982) ("[I]t is the duty of the court to reconcile apparently conflicting statutes and to give effect to each of them, if this can be achieved without distortion of the language used.").

Harmony between the statutes can easily be accomplished by adopting the interpretation of RCW 28A.400.300(1) previously articulated by the Court of Appeals, to the effect that the statute limits the authority of a school district with respect to the maximum duration of an employment contract. Reading RCW 28A.400.300(1) in this way avoids a collision with RCW 41.56.100, and allows the latter statute to retain its full vigor. This is so because RCW 28A.400.300(1) limits only the length of an employment contract to which a school district may be a party. It does not, as the majority apparently believes, limit the duration of collective bargaining agreements that properly deal with other matters over which a school district and its employees may bargain, such as wages, hours, and other terms and conditions of employment that

---

[6]If it were impossible to reconcile the two statutes, it appears that a provision of the Public Employees Collective Bargaining Act would result in preference being given to the terms of the collective bargaining agreement. *See* RCW 41.56.905 ("[I]f any provision of this chapter conflicts with any other statute, ordinance, rule or regulation of any public employer, the provisions of this chapter shall control."). Because, as we have shown, the statutes can be harmonized, there is no conflict and the "predominance" provision of RCW 41.56.905 does not apply.

prevail *during* each one-year term of an employee's employment.

In short, in the absence of a statutory provision specially providing otherwise, we must give life to the statutory maximum of one year for employment contracts between school districts and their employees. Because the majority's decision does just the opposite, I dissent.

DURHAM, C.J., and GUY and TALMADGE, JJ., concur with ALEXANDER, J.

Reconsideration denied November 22, 1996.

[No. 63475-1. En Banc.]
Argued June 13, 1996.   Decided October 10, 1996.
*In the Matter of the Dependency of* J.C., J.C., J.C., AND J.C.